[Crim. No. 1910. Second Appellate District, Division One.—August 4, 1930.]

THE PEOPLE, Respondent, v. WILLIAM J. BOST, Appellant.

J. W. Kearby and Clifford Thoms for Appellant.

U. S. Webb, Attorney-General, for Respondent.

CONREY, P. J.—On the night of July 4, 1929, a boy named Sierra received certain pistol shot wounds, which resulted in his death the next day. According to some of the evidence these wounds were caused by shots fired by the defendant, who was a police officer of the city of Los Angeles. According to some other evidence it may be that in a quarrel the boy had been shot by one of his companions, before the officers arrived upon the scene.

While the assignment of errors set forth in the brief for appellant contains a general specification that the evidence is insufficient to sustain the conviction, we do not understand counsel to contend that the record is wholly without evidence tending to establish the fact that deceased was shot by the defendant. If this was the fact, and if the circumstances were not such as to justify the killing, then it could not successfully be maintained that the evidence is wholly insufficient to sustain the verdict. We are of the opinion that, although it may be true that the deceased was seeking to escape pursuit at the time when the defendant was following him, and when, according to some of the testimony, the shooting actually occurred, such flight would not have justified the defendant in killing the boy. For there was no evidence that Sierra had committed or was accused of having committed any felony; and there was no evidence that Sierra had committed or then was committing any misdemeanor in the presence of defendant, other than that Sierra at the time was one of a group of boys concern-

ing whom there is testimony that all were drunk. Neither is it claimed that either of the officers had any warrant for the arrest of Sierra or his companions. We think that the evidence is sufficient to support the verdict.

The errors complained of by appellant as errors in the admission or exclusion of testimony are discussed under seven heads which, however, include many more than seven particular items. Some items are discussed as including errors of the court, whereas on examination of the record we find that the evidence was received without objection and without any court ruling. In various other instances the alleged errors relate to items of exceedingly minor importance, which may not reasonably be considered as having influenced the result of the action.

█ ·The foremost and apparently one of the chief items of these assignments of error may be summarized thus: One Thymakos, a witness for the prosecution, testified that, following the return of defendant to the police car with a prisoner named Licama, Bost told Parman, another officer, that ''one of the boys got away.'' This had some relation to the question as to whether Sierra was among the boys in the group at the time of their arrest. On cross-examination counsel for defendant asked the witness if he had testified as a witness at the preliminary hearing and if it was not a fact that he had given no such testimony—referring to the statement that ''one of the boys got away.'' The witness having replied that he did give that testimony, the defendant sought to introduce the entire testimony of the witness Thymakos at the preliminary examination, in order to show that no such testimony had been given. It is not claimed that the record of the preliminary examination would have shown any testimony of Thymakos contradicting that given by him at the trial. It may be that the questions asked the witness at the preliminary examination did not call for any information concerning statements made by Bost at the time when the officers returned to the car with their prisoners. The ruling of the court on this item is not shown to have been erroneous or anything other than a reasonable exercise of discretion.

█ Complaint is made that the court permitted the witness Licama to testify that Bost struck and kicked him

while taking him to the car. The record shows that all of this evidence was received without objection. It was merely a part of the narrative story of the transactions in question. We assume that the remaining items of claimed error coming under this description relate similarly to evidence received without objection, and that the court was not called upon to make any rulings relating to those items.

Appellant next calls attention to a series of nine instances wherein it is claimed that the court erred ·in allowing witnesses to be impeached on ''merely collateral matters'' in relation to those about which the several witnesses had testified. Apparently these so-called impeachments were limited to the method of cross-examination by bringing to the attention of the witness other statements previously made by the witness, for the purpose of showing that the former statements were inconsistent with the present testimony. Since the complaint appears to be only that the contradictory statements concerned matters collateral to the principal testimony of the witnesses, it may properly be assumed that there is nothing in these points which would contribute a reason for reversing the judgment. Moreover, the assignments of error as we find them in the brief do not point out any objection made, or rulings upon objections, relating to these matters. There is, therefore, no ground laid for a contention that the court committed error in the admission of such testimony.

Next, it is claimed that the court erred in permitting cross-examination on matters not brought out on direct examination. Under this item appellant refers, by page numbers, to certain pages in the transcript, but does not state the nature of the subjects brought out by such cross-examination, or how those items exceeded the scope of the direct examination. It is not even asserted that any objection was made whereby the court was called upon to rule, or did rule, upon any objection to the questions.

Next, it is claimed by appellant that the court erred in giving instructions respectively numbered 14, 20, 21, 22, 23, 24, 25, 26 and 28. In relation to these instructions appellant has not ventured to assert that any of them contain incorrect statements of law. The burden of the complaint seems to be that they were inapplicable to the case, and that by

giving such instructions matters not in issue were submitted to the consideration of the jury. Some of these instructions, and perhaps the more important ones, were statements of the rules governing the right of a person to flee from arrest or to escape from an officer, such right depending upon facts showing that the officer had the authority to make the arrest, or, on an alternative assumption of fact, that conditions did not authorize an arrest. Others of these instructions referred to the definition of false imprisonment and the consequences thereof. Instruction 28 relates to the authority and the limitations upon authority of a police officer to make an arrest for a misdemeanor. Considering these several instructions and the subject matter thereof, in connection with the charge of murder upon which the defendant was being tried, we cannot say that the subject matter of these instructions was so far removed from the issues of the case that the giving thereof was erroneous.

Finally, appellant complains that the court erred in striking out a part of one of the instructions requested by him. But appellant offers no good reason to overcome the apparent propriety of the court's action in the matter.

The judgment and order are affirmed.

Houser, J., concurred.

York, J., dissented.

A petition to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, having been filed too late, was denied by operation of law.