[Crim. No. 1624. First Appellate District, Division One.—April 7, 1931.]

In the Matter of the Application of WILLIAM J. BOST for a Writ of Habeas Corpus.

W. T. Kendrick, Jr., for Petitioner.

No appearance for Respondent.

KNIGHT, J.—The petitioner is imprisoned in the state prison at San Quentin, and seeks to be discharged therefrom on a writ of *habeas corpus*.

The following are the facts, as they appear from the allegations of the petition for the writ and the copies of the court records which are made part thereof: After having been found guilty by a jury in the Superior Court of Los Angeles County of the crime of manslaughter, and following the denial of a motion for a new trial, petitioner was sentenced to imprisonment in the state prison; and from the judgment of conviction he took an appeal. On October 18, 1929, pursuant to said judgment of conviction and in execution of the sentence, the court issued its commitment, by virtue of which petitioner was on November 9, 1929, delivered into the custody of the warden of the state prison at San Quentin and imprisoned therein. Shortly thereafter said superior court made an order, presumably under the authority of section 1333 of the Penal Code, directing the temporary removal of petitioner from the state prison to the county of Los Angeles, so that he might appear as a witness in a case pending therein; and on November 29, 1929, in obedience to said order the warden released petitioner into the custody of the sheriff of Los Angeles County, and he was by the latter conveyed to Los Angeles. On August 4, 1930, petitioner was still in Los Angeles County, in the custody of the sheriff, at which time the judgment of conviction from which he had appealed was affirmed. (*People* v. *Bost,* 107 Cal. App. 550 [290 Pac. 513].) The *remittitur* was filed in the superior court on September 12, 1930. On November 3, 1930, petitioner was taken before the superior court and granted leave to present an application for probation; whereupon, and on November 18, 1930, the court made an order that the previous judgment of sen-

tence that petitioner be imprisoned in the state prison be set aside and that he be released on probation. Acting under the advice of the attorney-general that the proceedings taken by the superior court on November 18, 1930, were illegal and void, petitioner was again taken into custody by the warden under the authority of the original commitment; and he has since been confined in the state prison by virtue thereof.

Section 1203 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1493), provides in part that in the order granting probation the court "may suspend the imposing or the execution of the sentence"; and in construing the effect of such amendment the Supreme Court in *Lloyd* v. *Superior Court,* 208 Cal. 622 [283 Pac. 931], held that "at any time prior to the execution of the sentence" it is within the court's power to grant probation, regardless of the prosecution of an unsuccessful appeal. It is mainly upon the authority of that case that petitioner contends that the order granting him probation was legal. The two cases are entirely different, however, in their facts. There, as stated in the court's opinion, prior to granting probation no order had been made "looking to the execution of the judgment"; on the contrary, it appears that upon taking the appeal defendant was granted a writ of probable cause, as a result of which he was permitted to remain in the county jail until after the appeal was terminated and up to the time he was released on probation. Here, as shown, shortly after the appeal was taken the trial court proceeded to execute its judgment of sentence by issuing a commitment whereby petitioner was conveyed to and delivered into the custody of the warden of the state prison, and actually imprisoned therein, in pursuance of such commitment. Obviously, therefore, under the law as declared in the Lloyd case, *supra,* it was beyond the power of the trial court, more than a year thereafter, either to vacate its judgment of sentence or to suspend the execution thereof, and release petitioner on probation; and its action in attempting to do so was illegal and void. That being so, the warden was fully justified in carrying out the judgment of sentence, as commanded in the commitment.

The application for the writ is denied.

Tyler, P. J., and Cashin, J., concurred.