[Crim. No. 3466. In Bank.—October 24, 1931.]

In the Matter of the Application of WILLIAM J. BOST for a Writ of Habeas Corpus.

W. T. Kendrick, W. T. Kendrick, Jr., and Caryl Warner for Petitioner.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

SHENK, J.—This is a petition for a writ of *habeas corpus*.

The petitioner, William J. Bost, was charged in the county of Los Angeles with the crime of murder. He was convicted of manslaughter and sentenced to San Quentin for the term provided by law. Pursuant to the judgment a commitment was issued on October 18, 1929, and on November 9, 1929, the petitioner was delivered into the custody of the warden at San Quentin. The petitioner took an appeal from the judgment and from an order denying his motion for a new trial. On August 4, 1930, the judgment and order were affirmed. (*People* v. *Bost*, 107 Cal. App. 550 [290 Pac. 513].)

On the trial of the petitioner one Fred A. Parman appeared and testified as a witness for the defendant. Thereafter Parman was indicted in said county for the crime of perjury, involving his testimony on the trial of the petitioner. Pending the trial of Parman and on November 23, 1929, counsel for Parman filed an affidavit with the trial court, pursuant to section 1333 of the Penal Code, setting forth that Bost was a material witness for the defendant Parman in the pending action; that Bost was confined in the state prison at San Quentin and application was made, based on said affidavit, for the removal of Bost from San Quentin to Los Angeles for the purpose of giving his testimony on behalf of Parman. The superior court made the order requested and directed the warden "to permit the temporary removal of said William J. Bost from said penitentiary by the said sheriff for the said purposes". On November 26, 1929, the warden delivered Bost to the sheriff of Los Angeles County and took the latter's receipt for the prisoner, who was in due time lodged in the county jail of Los Angeles County to await the giving of his testimony.

On August 4, 1930, when the judgment against the petitioner was affirmed and on September 12, 1930, when the *remittitur* was filed in the superior court, the petitioner was still in the county jail. Before the *remittitur* was filed, but on the same day, the petitioner filed a petition for a writ of *habeas corpus* in said superior court. The writ was made returnable on September 18, 1930, and on the hearing thereon the writ was discharged and the petitioner remanded. In making the order last aforesaid, the court stated that an application for probation of the petitioner would be entertained. Such an application was filed. On November 18, 1930, the order committing the petitioner to the state prison was, by the court, vacated and set aside, further proceedings on the judgment of conviction were suspended, the petitioner was placed on probation for five years, and was thereupon released pursuant to the order of probation.

Believing the order of probation and release to be void for want of jurisdiction in the superior court to make the same, the respondent warden apprehended the petitioner in the city of Los Angeles and returned him to the state prison at San Quentin to complete the service of his term of im-

prisonment under the judgment of conviction. The state board of prison directors has not yet fixed the petitioner's definite term of imprisonment and until that is done the respondent warden is holding the petitioner for the maximum period of imprisonment for the offense of which the petitioner was convicted.

 The foregoing statement of facts presents the question of the jurisdiction of the superior court to entertain and act upon an application for probation after a judgment of conviction in a felony case has become executed so far as that court is concerned. It must be noted that no stay of execution was ordered by the trial court as provided by section 1243 of the Penal Code or otherwise. Upon the pronouncement of the judgment a certified copy thereof without further order of the court was required to be issued to the sheriff for execution of the judgment. (Sec. 1213, Pen. Code.) It thereupon became the duty of the sheriff to deliver the defendant to the warden of the state prison. (Sec. 1216, Pen. Code.) This was done. When so delivered the term of imprisonment, pursuant to the judgment, commenced to run. (Sec. 670, Pen. Code.) Thereafter it continued to be the duty of the warden to hold the petitioner until his release by order of the state board of prison directors under the Indeterminate Sentence Law (sec. 1168, Pen. Code), or until otherwise legally discharged from his custody. When the petitioner was delivered to the warden by the sheriff, he was permanently removed from the jurisdiction of the superior court except in certain contingencies, one of which is specified in section 1333 of the Penal Code, wherein it is provided that the prisoner in the custody of the warden shall, upon a proper showing and an order of court, be temporarily released to the sheriff of the county wherein the testimony of the prisoner is required in a criminal action. The custody of the prisoner by the sheriff under this section must necessarily be temporary, qualified by and limited to the purposes of said section. The jurisdiction of the superior court over the prisoner would likewise be so limited. The order for such temporary removal could not have the effect of depriving the state board of prison directors of the right and power to fix the term of imprisonment of the petitioner under section 1168 of the Penal Code. The policy

of the law and its wise administration would prevent such confusion of powers as would otherwise obtain.

Upon the affirmance of the petitioner's appeal and the filing of the *remittitur* the superior court was re-invested with jurisdiction to make all orders necessary to carry the judgment into effect. (Sec. 1265, Pen. Code.) Here there was no order to make, for the judgment had theretofore become executed so far as the superior court was concerned. If the certificate staying execution as provided for in section 1243 of the Penal Code had been issued by the trial court, the .petitioner would have remained in the custody of the sheriff, the judgment would not have become executed, and the custody and control of the warden and the state board of prison directors would not have attached. Upon the affirmance of the appeal in such case the superior court would order the commitment to issue or could entertain an application for probation as provided in section 1203 of the Penal Code, as said section was construed in *Lloyd* v. *Superior Court,* 208 Cal. 622 [283 Pac. 931].

The petitioner places great reliance on the Lloyd case, but it is not a parallel case and does not afford a precedent for the relief which he seeks. In that case the judgment had not become executed either in whole or in part. The trial court had granted a writ of probable cause which had the effect of staying the execution of the judgment under section 1243 of the Penal Code, and the defendant remained in the county jail pending his appeal. In the opinion in that case the court was particular in pointing out that the trial court had the power, under the amended section 1203 of the Penal Code, to hear and determine applications for probation made prior to the execution of judgment. Such is not this case. Here no stay of execution was granted and no application for probation was made before execution of the judgment.

Cases from other states relied upon by the petitioner are not helpful. In none of them do we find that the power of the trial court to recall the defendant from state prison, there held under a valid judgment, for the purpose of granting probation, has been sustained. It has been held in this state that the trial court is without the power, after a valid judgment is in the process of execution, to set

it aside and pronounce a new judgment. (*People* v. *Conley,* 27 Cal. App. 362 [150 Pac. 412, 413].)

▉ Assuming, as the petitioner points out, that he was detained in the Los Angeles County jail longer than was necessary after his testimony was required· at the pending criminal trial, such delay did not have the effect of modifying or changing the judgment under which he was delivered to the warden. The petitioner had the right to a speedy return to the custody of the warden, when his presence in Los Angeles County was no longer required. If he conceived that his rights in that respect were being infringed, an appropriate remedy would undoubtedly have been open to him to effect his return to the state prison.

We conclude that the superior court was without jurisdiction to make the order on which the petitioner relies.

The writ is discharged and the petitioner is remanded.

Seawell, J., Langdon, J., Curtis, J., Richards, J., and Waste, C. J., concurred.

PRESTON, J., Dissenting.—I dissent from the above holding. I would not object to such a holding if, in order to make it, we had receded from the doctrine of *Lloyd* v. *Superior Court,* 208 Cal. 622 [283 Pac. 931], but if this case stands Bost is entitled to his liberty also. The only distinction between the cases is that in the Lloyd case a certificate of probable cause under section 1243 of the Penal Code was issued to him and he remained in the county jail until his conviction was affirmed. In the present case the defendant. accepted the time of appeal as a part of his sentence if the appeal were denied and went into the custody of the warden instead of remaining with the sheriff. At any time prior to the coming down of the *remittitur* the superior court could have granted this certificate and withdrawn the prisoner from the custody of the warden. (Sec. 1245, Pen. Code.) This was doubtless deemed unnecessary as prior to the time of affirmance the prisoner had already been returned to the custody of the sheriff. There is, therefore, but a technical difference between these cases, with the odds, I think, in favor of Bost, who accepted and did not merely bemoan his fate.