[Civ. No. 12483. Second Appellate District, Division One.—May 14, 1940.]

J. W. ISENBERG, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Ray Howard for Petitioner.

J. H. O'Connor, County Counsel, and Douglas De Coster, Deputy County Counsel, for Respondents.

WHITE, J.—█ A rehearing was granted in this cause, that we might give further consideration to petitioner's contention that the provisions of section 1404 of the Penal Code absolve him from the necessity of filing a notice of appeal *in writing* within the time prescribed by law. We are satisfied that the provisions of the cited section have no application to the proceedings here under review and are of the opinion that the proper conclusions were reached in our former opinion on all points raised. We therefore adopt said opinion as a part of this opinion upon rehearing. The former opinion follows:

"*Mandamus* to compel the Appellate Department of the Superior Court of Los Angeles County to hear and determine certain appeals.

"The record presents the following facts: Petitioner was convicted in the justice's court of San Jose township in Los Angeles county, on July 28, 1939, of certain misdemeanor violations charged in four complaints filed against him. On said date and immediately following the pronouncement of judgment, petitioner, as defendant in said cases, gave oral notices of appeal, which were entered by the clerk in the docket of the justice's court of said township. Thereafter, some eight days later, on August 5, 1939, defendant filed written notices of appeal and subsequently perfected his record, and the causes came before the appellate department of respondent court, wherein decision was rendered on September 14, 1939, holding that the written notices of appeal had been filed too late, that the oral notice could not correct this tardiness, and that said appellate department of the superior court was therefore without jurisdiction to pass upon said appeals. Thereupon petitioner sought and obtained from this court an alternative writ of mandate and respondent court has filed a general demurrer to the petition.

█ "It is the contention of respondent court that rule 2 of the rules of the judicial council of the state of California pertaining to criminal appeals to the superior court from inferior courts establishes the correctness of the decision of such court in holding that it was without jurisdiction to proceed with the appeals herein. In this claim respondents must be upheld. Subsection 5 of section 1a of article VI of the Constitution of this state expressly authorizes the judicial

council to adopt rules of practice and procedure for the several courts not inconsistent with the rules that are now or that may hereafter be in force. To give effect to this constitutional provision, the legislature in furtherance thereof amended section 1468 of the Penal Code in 1935 to provide that 'Appeals to the superior courts shall be heard and determined, the decisions thereon shall be remitted to the inferior courts *and the records on such appeals shall be made up and filed* in such time and manner as shall be prescribed in rules to be promulgated by the Judicial Council . . . ' (Italics added.) Pursuant to the authority thus conferred, the judicial council promulgated rules for 'Criminal Appeals to the Superior Court from Inferior Courts', which rules became effective on July 1, 1936. Among those rules we find rule 2 providing in the following language the manner in which an appeal shall be taken to the superior court:

" 'An appeal to the Superior Court of the county in which such inferior court is located is taken by filing written notice of appeal in the court wherein the judgment or order appealed from is rendered, within five days after the rendition of such judgment or order. Such written notice of appeal shall be filed with the clerk of said court, or, if there be no clerk, with the magistrate therein presiding. The date of such filing shall be the effective date of the taking of such appeal. If such notice of appeal is not filed as aforesaid within the time required, such appeal shall be void and of no effect.'

"From the foregoing it is at once apparent that the notice of appeal must be in writing and the same must be filed within five days after the rendition of the judgment or order which it is sought to have reviewed. Having been filed eight days after rendition of the judgment, the notices of appeal herein simply amounted to what has been characterized as 'a tardy notice of appeal' (*People* v. *Megugorac,* 12 Cal. (2d) 208 [82 Pac. (2d) 1108]), and the same cannot be validated even by stipulation or other action of the parties to the proceedings, or by order of the court. The language of rule 2, *supra,* of the judicial council is plain and unequivocal. It is definite both as to the form of the notice of appeal to the superior court from a judgment or order of an inferior court and as to the time within which such notice must be filed. In *People* v. *Lewis,* 219 Cal. 410, 413 [27 Pac. (2d) 73], and cases therein cited, it was held that 'the requirements as to

the date for filing notices of appeal are mandatory and jurisdictional in both civil and criminal actions'.

▌ ''The suggestion that when the oral notices of appeal were given at the time judgment was pronounced, and were by the clerk written in the docket as follows, 'Oral Notice of Appeal Given', the requirements of the law were satisfied, is answered by the language used in *People* v. *Lewis, supra*: 'The execution and filing of notice of appeal is done by a party or his attorney, and is not an act of the court. Where through inadvertence or mistake of a party or his attorney notice of appeal is not filed within the time limited by law, neither the trial court nor the appellate court can afford relief thereafter by permitting filing of a tardy notice.' The only effective notice of appeal is one given in writing by the defendant or his counsel and filed with the clerk, or in certain cases with the magistrate, within five days after rendition of the judgment or order from which the appeal is taken.''

For the reasons herein stated, the demurrer of respondent court is sustained; the alternative writ heretofore issued is discharged; and a peremptory writ is denied.

York, P. J., and Doran, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 12, 1940.