[Crim. No. 5004. In Bank. Nov. 22, 1949.]

THE PEOPLE, Respondent, v. PAUL R. BEHRMANN, Appellant.

Morris Lavine, Owen A. Bartlett and Jack B. Tenney for Appellant.

Fred N. Howser, Attorney General, James A. Doherty and William E. James, Deputy Attorneys General, for Respondent.

SCHAUER, J.—The principal question in this case is whether an orally given notice of appeal from judgments of conviction of felony and from an order denying defendant's motion for new trial is effective to perfect an appeal. We have concluded that it is not and that, since no written notice

of appeal signed by defendant or his attorney\* was filed within 10 days after making of the order and rendition of the judgments, as required by rule 31 of the Rules on Appeal, the purported appeal must be dismissed.

Rule 31 (22 Cal.2d 22) provides, "In the cases provided by law, an appeal may be taken by *filing a written notice* of appeal with the clerk of the superior court within 10 days after the rendition of the judgment or the making of the order . . . *If the appeal is by the defendant the notice shall be signed by him or by his attorney* . . . The notice shall be sufficient if it states in substance that the party appeals from a specified judgment or order or a particular part thereof, and shall be liberally construed in favor of its sufficiency." (Italics added.)

The superior court found that defendant was guilty of three counts of grand theft. Defendant moved for a new trial. On March 24, 1948, the motion for new trial was argued and denied and the court rendered its judgments of conviction; defendant at once gave oral notice of appeal from the judgments and the order denying a new trial. This notice was entered (of course in writing) in the clerk's minutes. On April 6, 1948 (13 days after rendition of judgment), defendant filed a written and signed notice of appeal from the March 24 judgments and order, and the trial court "ordered that the above Notice of Appeal be entered nunc pro tunc as of April 2, 1948." On April 7, 1948, the trial court, apparently promptly realizing that the April 6 order was inadvertent, ordered that "the purported nunc pro tunc order of April 6" be vacated; it then granted defendant's motion that the March 24 judgments be vacated to permit reconsideration of an application for probation; the application for probation was denied; and the court again rendered judgments of conviction. Thereupon defendant (on April 7, 1948, 14 days after the original judgments were rendered) filed a written and signed notice of appeal from the judgments rendered on April 7 and "from an order [date not specified] denying a new trial."

■ The order of April 6, 1948, which purported to require that the written notice of appeal filed on that date be "entered nunc pro tunc as of April 2," even if it had not been vacated, could be of no effect. The time for filing of notice of appeal is jurisdictional and cannot be extended by action of the parties or by order of the court. (*People* v. *Lewis* (1933),

---

\*Counsel on appeal have been substituted since the time for giving notice of appeal expired.

219 Cal. 410, 414 [27 P.2d 73]; *In re Horowitz* (1949), 33 Cal.2d 534, 537 [203 P.2d 513].) Therefore, no written notice of appeal from the judgments and order of March 24 was timely filed.

The order of the trial court made April 7, 1948, which purported to vacate the judgments of March 24 was not effective. The judgments were regularly pronounced and had been entered in the minutes and the judgment book, a motion for new trial had been denied, the time for appeal had expired, and there was no motion, or showing of facts to support a motion, to vacate the judgments upon statutory or court-recognized grounds (see *In re Pedrini* (1949), 33 Cal.2d 876, 879 [206 P.2d 699]; *In re Sargen* (1933), 135 Cal.App. 402, 406 [27 P.2d 407]); therefore, the trial court was without power to set them aside (*In re Pedrini* (1949), *supra,* p. 878 of 33 Cal.2d; *People* v. *McAllister* (1940), 15 Cal.2d 519, 526 [102 P.2d 1072]; *People* v. *Avelino* (1947), 81 Cal.App.2d 934, 935 [185 P.2d 361]; *In re Garrity* (1929), 97 Cal.App. 372, 376 [275 P. 480]). The order purporting to vacate the judgments was avowedly made to permit reconsideration of an application for probation; the law does not provide for a motion to vacate the judgments on that ground. (See *People* v. *Looney* (1935), 9 Cal.App.2d 335, 340 [49 P.2d 889].)[1]

Since the March 24 judgments and order denying a new trial constituted a complete and final disposition of the cause antedating the purported entry of the April 7 judgments, the latter are of no effect, and there is nothing to which the written notice of appeal filed on April 7 can apply.

Defendant urges that the reduction to writing in the clerk's minutes of his oral notice of appeal given immediately after denial of a new trial and pronouncement of the judgments of March 24 was a substantial compliance with rule 31. The contention is without merit. When the notice of appeal was reduced to writing in the clerk's minutes it may be said to have *become* written (see *Cox* v. *Tyrone Power Enterprises* (1942), 49 Cal.App.2d 383, 394 [121 P.2d 829]) but it was not

---

[1]In such a situation the trial court, if it determines that probation should be granted, can suspend execution of the judgment (*People* v. *Sidwell* (1945), 27 Cal.2d 121, 127, 129 [162 P.2d 913]) unless execution thereof has been commenced (*In re Bost* (1931), 113 Cal.App. 237, 239 [298 P. 85]; *In re Bost* (1931), 214 Cal. 150, 152 [4 P.2d 534]). If the terms of probation are fulfilled the judgment may eventually be vacated and the cause dismissed (Pen. Code, § 1203.4) but in that case the power to vacate the judgment is dependent upon the statutory procedure and it arises only when probation has been granted and fulfilled.

*given* in writing and signed by the defendant or his attorney as required by rule 31. It was formerly the law (Pen. Code, § 1239, as amended, Stats. 1939, p. 2800) that an appeal in a criminal case might be taken by oral notice in open court at the time the judgment was rendered or by written notice filed within five days from the rendition of judgment. It is clear that rule 31 was drafted by the Judicial Council and intended by the Legislature to change these provisions. Rule 31 became effective on July 1, 1943; the Legislature had provided (Pen. Code, § 1247k as amended, Stats. 1943, ch. 4, § 2, effective Jan. 14, 1943) that on July 1, 1943, all laws in conflict with the rules should be of no further effect. And section 1239 of the Penal Code now provides that an appeal may be taken in the manner provided in the Rules on Appeal. The rules contain no provision for an appeal by notice given orally and reduced to writing in the clerk's minutes; they contemplate only the one method, by notice given in writing, signed by the defendant or his attorney and filed with the clerk. (See the provisions of rule 31 that the notice be filed with the clerk and that it be signed; rules 33(a)(1) and 34(1), providing that the clerk's transcript contain a copy of the notice, in addition to a copy of the minutes; rule 35, providing for computation of time for preparation of the record from the time of filing of notice of appeal.)

■ Defendant relies upon the provision of rule 31 that the notice "shall be liberally construed in favor of its sufficiency" as supporting his contention that it can be given orally and reduced to writing only in the minutes. This provision does not aid defendant, for the notice to be liberally construed is the one described in the rule; viz., a notice given in a writing signed by the defendant or his attorney and filed with the clerk; and the liberality in construction relates to sufficiency of content, not to character as oral or written. As held in *Isenberg* v. *Superior Court* (1940), 39 Cal.App.2d 106, 109 [102 P.2d 552], "The suggestion that when the oral notices of appeal were given at the time judgment was pronounced, and were by the clerk written in the docket . . ., the requirements of the law were satisfied, is answered by the language used in *People* v. *Lewis* [*supra*], 219 Cal. 410, 413: 'The execution and filing of notice of appeal is done by a party or his attorney, and is not an act of the court . . .' The only effective notice of appeal is one given in writing by the defendant or his counsel and filed with the clerk." In accord is

*People* v. *Darcy* (1947), 79 Cal.App.2d 683, 693 [180 P.2d 752]. The case of *Barron* v. *Deleval* (1881), 58 Cal. 95, relied upon by defendant, is neither controlling nor persuasive here.

For the reasons above stated, the purported appeal is dismissed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I dissent.

The oral notice of appeal was in compliance with the rules on criminal appeals properly construed, and certainly constituted a substantial compliance with those rules.

The Rules on Appeal for criminal appeals provide that the appeal *"may"* be taken by filing a written notice of appeal (rule 31). The word "may" is permissive (rule 40(d).) It follows, therefore, that while a written notice is proper, it is not mandatory, leaving the way open for an oral notice of appeal which has been the practice for many years. This is made more certain when we remember that in civil appeals, the appeal *"is"* taken by filing a written notice, thus excluding other methods (rule 1(a)), and the "notice of appeal *shall* be filed within 60 days" (rule 2(a)). "Shall" is mandatory (rule 40(d)). It is apparent, therefore, that when a written notice is mandatory, the rules use words of compulsion, but they chose to use merely permissive language in criminal appeals.

The foregoing becomes even more obvious when we follow the command in the rules that they be *liberally* construed. (Rule 31, specially required for criminal appeals, and rule 53(a) generally for all appeals.) Surely if the written notice is not mandatory, then in the light of the necessity for a liberal construction a substantial compliance will suffice. It cannot be doubted that an oral notice in open court is substantial compliance. Such notice is of record in the minutes of the court and the prosecuting attorney has full notice thereof.

I have, on other occasions, called attention to the fact that members of this court pay lip service to the necessity for liberal construction of the statutes and rules by recognizing that such necessity exists, but fail to apply this recognition when the facts demand it. The word "liberal" is defined as that which is not confined or restricted to the literal sense. (Webster's International Dict. (2d ed.).) An interpretation of the rule relating to criminal appeals (rule 31) which gives

the defendant the right to file a written notice *or* to give oral notice in open court (which becomes a written notice when the clerk reduces it to writing in the minutes) does not engraft on the rule something which has been omitted which the court believes should have been included therein, but is a fair interpretation within the spirit and meaning of the rule and is not inconsistent with the language used. It also resolves all reasonable doubt in favor of the applicability of the rule to the particular facts at hand in view of the previous practice in cases of this type.

I would, therefore, hold the notice of appeal sufficient and dispose of the case on its merits.