[Crim. No. 6333.   Second Dist., Div. One.   July 15, 1958.]

THE PEOPLE, Respondent, v. ROBERT E. WILLIAMS, Appellant.

Warner, Sutton & Warner and Barbara Warner for Appellant.

Edmund G. Brown, Attorney General, Elizabeth Miller, Deputy Attorney General, William B. McKesson, District Attorney (Los Angeles), and Jere J. Sullivan, Deputy District Attorney, for Respondent.

THE COURT.— ▇▇▇ Petitioner was convicted of murder in the Superior Court of Los Angeles County and sentenced to state prison for the term of his natural life. He gave due notice of appeal to this court from such conviction. A request for stay of execution pending appeal was denied by the trial judge and this is an application to this court to order such a stay (Pen. Code, § 1243). On July 3, 1958, we issued an order staying execution of the judgment herein until the further order of this court, and set the matter of continuing such stay for hearing on July 8th.

· It appears that at the time the instant prosecution was instituted, petitioner was confined in the State Prison at Folsom pursuant to a judgment pronounced against him on another and different charge of murder.

In accordance with an order of the Superior Court of Los Angeles County pursuant to section 2620 of the Penal Code, petitioner was delivered into the custody of the sheriff of Los Angeles County, to be brought before the aforesaid court for trial in the case at bar.

We are satisfied that the instant application must be denied. *In re Bost*, 214 Cal. 150, 153 [4 P.2d 534] is authority for the statement that when petitioner was delivered to the warden of Folsom Penitentiary under sentence for a previous and different murder charge, he was permanently removed from the jurisdiction of the superior court, except in certain contingencies, one of which, under Penal Code, section 2620, is his production for trial of himself before the superior court in which such an action is pending. The last-named section further provides that "when his presence is no longer required" he shall be returned to the prison from which he was taken. The same section further provides that "When a prisoner is removed from a State prison under this section he shall remain in the constructive custody of the warden thereof and any order affecting his status in any manner whatever, other than that provided for in said order, may only be made after due notice to the warden."

▇▇▇ Petitioner urges that the "status" referred to in Penal Code, section 2620 ". . . relates to change of custody,

such as release on probation." With this we cannot agree. We interpret the words "when his presence is no longer required" as meaning that when the purpose stated in the superior court order is accomplished, the duty of the sheriff is to return the prisoner to the warden unless "due notice" is given as provided in Penal Code, section 2620, to the warden. It is conceded no such notice was given herein.

For the foregoing reasons, we are satisfied that the trial judge did not abuse his discretion when he denied petitioner's request for a stay of execution.

The order of this court entered July 3, 1958, is vacated, and the petition for a stay of execution is denied.

Appellant's petition for a hearing by the Supreme Court was denied September 10, 1958. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.