# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO L.C.N., A MINOR.

SEAN M.I.,
Appellant,
vs.
CASSANDRA E.; AND ERICK E.,
Respondents.

No. 73503

FILED

MAY 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order terminating appellant's parental rights as to the minor child.[1] Ninth Judicial District Court, Douglas County; Thomas W. Gregory, Judge.

Respondents are the child's guardians and filed a petition to terminate the natural father's parental rights, identifying appellant as a possible natural father. Appellant filed an opposition to the petition asserting that he was the child's natural father. The district court granted respondents' two unopposed motions in limine, precluding appellant from presenting witnesses at trial, and also granted their unopposed motion for summary judgment. The court concluded that because appellant presented no admissible evidence, no presumption of parentage applied, and appellant was precluded from presenting expert testimony regarding his paternity, he would be unable to meet his burden of proving that he is the child's father. The court also concluded that even if appellant was the child's father, respondents were entitled to judgment as a matter of law because appellant

---

[1] Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

18-18491

presented no evidence to overcome the presumption of abandonment and the termination of his parental rights was in the child's best interest.

First, we address the novel issue of whether the summary judgment procedure is available in actions to terminate parental rights. NRS 128.090(2) provides that parental rights termination actions are "civil in nature and are governed by the Nevada Rules of Civil Procedure," which include NRCP 56 governing summary judgment. Thus, summary judgment is available in termination actions but the circumstances under which termination of parental rights cases may be appropriately resolved on summary judgment are limited. *See In re Interest of SVG*, 826 P.2d 237, 243-44 (Wyo. 1992) (noting that where a petition has been "appropriately and diligently contested" and historical facts are controverted, summary judgment is not appropriate). Additionally, even when summary judgment is utilized in termination actions, the district court must hold a hearing on the summary judgment motion, *see* NRS 128.090(1) (requiring a hearing in termination actions), and the "court must not only determine that there are no genuine issues of material fact, but also must determine that the moving party has established the applicable statutory criteria for termination by clear and convincing evidence," *People in Interest of A.E.*, 914 P.2d 534, 539 (Colo. Ct. App. 1996).

Second, we conclude that the district court erred by placing the burden of proving paternity on appellant. Because respondents had knowledge of appellant's claim of paternity, they properly provided notice of the termination proceeding to him. NRS 128.150. If "the natural father is identified to the satisfaction of the court, or if more than one man is identified as a possible father, each must be given notice of the proceeding" and "[i]f the natural father or a man representing himself to be the natural

father, claims custodial rights, the court shall proceed to determine custodial rights." NRS 128.150(3)-(4). Custodial rights cannot be determined if the district court is not satisfied that the man is the natural father. Accordingly, once appellant claimed to be the child's father, the district court had to determine his custodial rights, which likely would have begun with a paternity test to confirm that he was the child's father as respondents still contended that he was not. Regardless, the district court erred by placing the burden of proving paternity on appellant. As appellant contested the petition to terminate his parental rights, there were some historical facts that were contested, and the district court improperly placed the burden to prove paternity on appellant, summary judgment was inappropriate here. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Cherry_____, J.
Cherry

_____Parraguirre_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

cc:    Hon. Thomas W. Gregory, District Judge
        Barber Law Group, Inc.
        Heritage Law Group, PC
        Douglas County Clerk