Filed 4/18/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B315265 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A632071) |
| v. | |
| DAVID JEROME KING, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Hector E. Gutierrez, Judge.  Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

David Jerome King appeals the order denying his motion to vacate and correct an unauthorized sentence.

King was charged with multiple sex offenses, all committed against a single victim on one day in 1985. In 1986, a jury convicted him on four counts of forcible rape (Pen. Code,[1] § 261, former subd. (2), now subd. (a)(2); counts I, XI, XII, XIII), four counts of forcible rape with a true finding that King voluntarily acted in concert with others within the meaning of section 264.1 (§§ 261, former subd. (2), 264.1; counts II, III, IV, V), one count of sodomy (§ 286, subd. (d); count VI), two counts of oral copulation (former § 288a, subd. (d);[2] counts VII,[3] VIII), one count of kidnapping (§ 207, subd. (a); count IX), one count of grand theft auto (former § 487, subd. (3), now § 487, subd. (d)(1); count X), and two counts of robbery (§ 211; counts XIV, XV). The jury also found true several firearm enhancement allegations. (§§ 12022.3, 12022.5.)

King was sentenced to a determinate term of 105 years in state prison, which included a six-year middle term on count III, forcible rape in concert. (§§ 261, former subd. (2), 264.1.) The sentencing court imposed the upper term of nine years for each of the three other counts of forcible rape in concert (counts II, IV, V).

---

[1] Undesignated statutory references are to the Penal Code.

[2] Senate Bill No. 1494 amended and renumbered section 288a to section 287, effective January 1, 2019. (Stats. 2018, ch. 423, § 49.)

[3] As to count VII, the jury found the in-concert allegation under section 264.1 was not true.

In 2021, King filed a motion to vacate an unauthorized sentence on the ground that the sentencing triad for forcible rape with a true in-concert finding is five, seven or nine years, making the imposition of a six-year middle term on count III an unauthorized sentence.[4] The superior court denied the motion, concluding that the original sentence was correct. In so ruling, the superior court failed to recognize that the jury's in-concert finding increased the sentencing range from three, six, or eight years for forcible rape under section 261 to five, seven, or nine years under section 264.1.

King appealed. Although King correctly contends that the sentence on the rape-in-concert conviction on count III was unauthorized, we conclude that the trial court had no jurisdiction to entertain King's motion to vacate his sentence, and therefore this court has no appellate jurisdiction to entertain the appeal. (See *In re G.C.* (2020) 8 Cal.5th 1119, 1129–1134 (*G.C.*) [the unauthorized sentence rule is an exception to the waiver doctrine that permits a defendant to challenge an unauthorized sentence on appeal even if they failed to object below; to invoke the rule the court must first have jurisdiction over the judgment]; *People*

---

[4] In the same motion, King challenged his six-year sentence on count VII on the ground that the sentencing range for a violation of former section 288a, subdivision (d) is five, seven, or nine years, making the imposition of a six-year term on count VII unauthorized. The superior court determined that because the jury did not find the allegation that King acted in concert in count VII to be true, King was correctly sentenced to the middle term of six years under former section 288a (now § 287, subd. (c)(2)(A)). King does not contest this aspect of the superior court's denial of his motion to vacate.

*v. Moore* (2021) 68 Cal.App.5th 856, 865–866 (*Moore*) ["the unauthorized sentence rule constitutes a narrow exception to the *forfeiture doctrine* [citation], ' "not to the *jurisdictional* requirement of a timely notice of appeal" ' or other means of properly challenging the judgment of conviction"]; *People v. Torres* (2020) 44 Cal.App.5th 1081,1084–1085 (*Torres*) [because a trial court lacks jurisdiction to vacate or modify sentence after judgment once execution of the sentence has begun, an order denying such a motion by a trial court without jurisdiction is nonappealable].)

## DISCUSSION

### The Trial Court's Order Denying King's Motion to Correct an Unauthorized Sentence is Not Appealable

As we must, we first consider whether we have jurisdiction to decide this appeal. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) We conclude that we do not.

King filed his motion to correct his sentence more than 30 years after he had begun serving it. The general rule is that "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." (*Torres, supra,* 44 Cal.App.5th at p. 1084; *People v. Howard* (1997) 16 Cal.4th 1081, 1089; *People v. Karaman* (1992) 4 Cal.4th 335, 344 (*Karaman*); *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; *People v. Amaya* (2015) 239 Cal.App.4th 379, 384 (*Amaya*).) And, "[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed." (*Torres*, at p. 1084; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725 (*Chlad*).)

4

King relies on a doctrine that has sometimes been described as an exception to this general rule; that is, the "venerable notion" that an unauthorized sentence may be corrected "at any time." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) Among the many cases that cite the principle, most assume that a court always has *jurisdiction* to correct an unlawful sentence, no matter when or how the issue arises. (See, e.g., *People v. Picklesimer* (2010) 48 Cal.4th 330, 338; *Torres, supra,* 44 Cal.App.5th at p. 1085; *People v. Jinkins* (2020) 58 Cal.App.5th 707, 712; *People v. Littlefield* (2018) 24 Cal.App.5th 1086, 1089–1090; *Amaya, supra*, 239 Cal.App.4th at p. 385; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205; *People v. Jack* (1989) 213 Cal.App.3d 913, 915 (*Jack*).)

In *G.C., supra*, 8 Cal.5th 1119, our Supreme Court rejected this assumption. The court explained that the "unauthorized sentence" rule is an exception to the waiver doctrine, not to the requirement that a court must have jurisdiction before it may act. (*G.C.*, at p. 1129.) Thus, under the unauthorized sentence rule, a party does not forfeit the right to argue that a sentence is unlawful by failing to object in the trial court. (*Ibid*.; see also *Scott, supra*, 9 Cal.4th at p. 354 ["the 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal"]; *People v. Hester* (2000) 22 Cal.4th 290, 295 [the rule generally permits a defendant to "challenge an unauthorized sentence on appeal even if they failed to object below"].) Such a sentence may be challenged at any time, even after a judgment of conviction has become final, and even if the judgment has already been affirmed on appeal. (*G.C.*,

5

at p. 1130.) However, "to invoke this rule the court must have jurisdiction over the judgment." (*Ibid.*)

Our Supreme Court has observed that "[i]n a system of separated powers, courts observe jurisdictional limits and focus scarce judicial resources on deciding cases within the scope of their authority." (*People v. Chavez* (2018) 4 Cal.5th 771, 779.) The term " 'jurisdiction,' " however, has two distinct meanings: "[o]ne refers to ordinary acts in excess of jurisdiction," while the other denotes "so-called fundamental jurisdiction, the quality that dictates whether a court has any power at all to resolve a case. [¶] Fundamental jurisdiction is, at its core, authority over both the subject matter and the parties." (*Id.* at p. 780; see also *People v. Ford* (2015) 61 Cal.4th 282, 286 ["A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case"].) "When a court lacks fundamental jurisdiction, its ruling is void." (*Chavez*, at p. 780.)

In *G.C.*, the court held that it did not have jurisdiction to consider a minor's claim that the trial court had erred in failing to designate the minor's offenses as felonies or misdemeanors as it was statutorily required to do when considering so-called "wobbler" offenses. (*G.C., supra,* 8 Cal.5th at pp. 1125, 1127–1129.) The minor had not appealed from the dispositional orders in which the alleged error occurred. (*Id.* at p. 1126.) Rather, the minor attempted to raise the issue in an appeal from a subsequent order concerning a new offense. (*Id.* at p. 1124.) Our Supreme Court concluded that the minor's failure to file a notice of appeal from the original dispositional orders deprived the court of jurisdiction to rule on the issue in a subsequent appeal from an unrelated order. The conclusion followed from the general

6

principle that a timely notice of appeal is " ' "essential to appellate jurisdiction." ' " (*Id.* at p. 1127, quoting *People v. Mendez* (1999) 19 Cal.4th 1084, 1094.)

The court in *G.C.* rejected the unauthorized sentence doctrine as a vehicle to create jurisdiction to consider the trial court's error in the prior proceedings. The court noted that "there was no correlation" between the trial court's prior unappealed error in failing to designate the wobbler offenses and the judgment that was currently on appeal. (*G.C., supra,* 8 Cal.5th at p. 1130.) The court explained that "[t]he unauthorized sentence doctrine will not serve to remedy this defect." (*Ibid.*)

In *Moore, supra*, 68 Cal.App.5th 856, this court followed *G.C.* in concluding that the unauthorized sentence doctrine did not create appellate jurisdiction to consider the appellant's challenge to a sentencing enhancement. The appellant had appealed from the trial court's denial of his petition for a youth offender evidence preservation proceeding under *People v. Franklin* (2016) 63 Cal.4th 261. (See *Moore*, at p. 861.) For the first time in that appeal, and more than 20 years after the appellant's judgment of conviction had become final, the appellant claimed that a five-year enhancement under section 667, subdivision (a) was unauthorized because the prosecution allegedly failed to comply with the pleading and proof requirements of section 1170.1, subdivision (e). (*Moore,* at pp. 865–866.) The claim was unrelated to the trial court's ruling on the *Franklin* hearing that was the subject of the appeal. (*Id.* at p. 866.) This court concluded that the trial court's denial of such a hearing therefore "did not confer jurisdiction on this court over the judgment," and the court could not consider the legality of the sentence. (*Ibid.*)

Although *G.C.* and *Moore* both concerned appellate jurisdiction, the reasoning in those cases also applies to the question whether a trial court has jurisdiction to modify a sentence once it is in execution. Courts have long recognized the general common law rule that "a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. [Citations.] Where the trial court relinquishes custody of a defendant, it also loses jurisdiction over that defendant." (*Karaman*, *supra*, 4 Cal.4th at p. 344; *People v. Vasquez* (2016) 247 Cal.App.4th 513, 518–519; see *Torres, supra,* 44 Cal.App.5th at p. 1084; *Chlad*, *supra*, 6 Cal.App.4th at pp. 1725–1726; see also *In re Application of Bost* (1931) 214 Cal. 150, 153 ["When the petitioner was delivered to the warden [of the state prison] by the sheriff, he was permanently removed from the jurisdiction of the superior court except in certain contingencies" as provided by statute].)

There are important exceptions to this rule. Section 1170.03, subdivision (a) gives a trial court the authority to recall a sentence on its own motion within 120 days of the defendant's remand, or at any time upon a request by various law enforcement officials. (*Torres*, *supra*, 44 Cal.App.5th at p. 1085, citing former § 1170, subd. (d)(1).) The Legislature has also created other specific statutory avenues for incarcerated defendants to seek resentencing in particular cases. (See, e.g., §§ 1170.95, 1170.126, 1170.18.) If a modification does not make a substantive change to a sentence but simply corrects a clerical error, the trial court has the inherent power to correct its own records at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) And a trial court may of course rule on a defendant's challenge to an unlawful sentence in a properly filed petition for

8

a writ of habeas corpus. (See, e.g., *In re Harris* (1993) 5 Cal.4th 813, 823, 838–839 [writ of habeas corpus available to review claim that a sentence imposed is illegal or longer than that permitted by law].)

Because the unauthorized sentence doctrine is a principle of waiver rather than jurisdiction, however, it is not one of those exceptions. The doctrine does not itself create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence.

King relies on *Torres*, *supra,* 44 Cal.App.5th 1081, and *Jack*, *supra*, 213 Cal.App.3d 913, to distinguish *G.C.* and for the proposition that the trial court had jurisdiction to correct his sentence. Neither of these cases supports King's jurisdictional claim.

*Torres* involved the dismissal of an appeal from a trial court's denial of a motion to modify Torres's sentence by reducing the restitution fine. The appellate court held that because the motion to modify the sentence was filed after the conclusion of the direct appeal from the judgment, section 1237.2[5] did not apply, and there was no other basis for trial court jurisdiction over the motion. Accordingly, the order denying Torres's motion was nonappealable. (*Torres*, *supra*, 44 Cal.App.5th at p. 1083.)

*Torres* identified several exceptions to the "general rule" that "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or

---

[5] The court held that this provision only allows trial courts to correct errors in fines and assessments while a direct appeal is pending, but not after the conclusion of the appeal. (*Torres*, *supra*, 44 Cal.App.5th at p. 1083.)

modify the sentence." (*Torres*, *supra*, 44 Cal.App.5th at p. 1084.) Among those exceptions, the court cited one for "[u]nauthorized sentences and ' " 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings,' " ' " which "are correctable at any time." (*Id.* at p. 1085, citing *People v. Turrin*, *supra*, 176 Cal.App.4th at p. 1205 ["an unauthorized sentence may be corrected at any time"]; *People v. Picklesimer*, *supra*, 48 Cal.4th at p. 338 [trial court would have had jurisdiction to correct an unauthorized sentence at any time].) The court went on to note that Torres's claim, which was based upon factual arguments concerning his ability to pay the restitution fine, did not fall within any of these exceptions. (*Torres*, at p. 1085.)

Torres did not assert that his sentence was unauthorized, and the appellate court analyzed the appealability issue solely in the context of whether the trial court had retained jurisdiction under section 1237.2 to modify the restitution fine after the conclusion of the appeal. Accordingly, the *Torres* court's statement that an unauthorized sentence may be corrected at any time was not necessary to the resolution of the issue before it, and was thus dictum. (*People v. Vang* (2011) 52 Cal.4th 1038, 1047, fn. 3 ["Black's Law Dictionary defines 'obiter dictum' as '[a] judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive)' "]; *People v. Evans* (2008) 44 Cal.4th 590, 599 [" '[a]n appellate decision is not authority for everything said in the court's opinion but only "for the points actually involved and actually decided" ' "].)

10

Further, the unauthorized sentence rule, as described by *Torres*, contradicts our Supreme Court's subsequent holding in *G.C.*, which unequivocally states that the rule is an exception to the waiver doctrine, which cannot be invoked unless the court has jurisdiction over the judgment. (*G.C.*, *supra*, 8 Cal.5th at pp. 1129–1130; see also *Scott*, *supra*, 9 Cal.4th at p. 354 ["the 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal"].)

*Jack*, *supra*, 213 Cal.App.3d 913, cited by King, is likewise inapposite. There, Jack received 1,010 days of presentence credit against his prison term. A year after the conviction was affirmed on appeal, Jack returned to the sentencing court requesting commitment to the California Rehabilitation Center. The court denied that request, but determined the credit calculation at sentencing had been incorrect. The court reimposed the same prison term, but reduced the credit award from 1,010 to 723 days. On appeal from the amended judgment, Jack challenged the trial court's jurisdiction to resentence him. (*Id.* at p. 915.)

In affirming the amended judgment on appeal, the court held: "A court has inherent power to correct clerical errors to make court records reflect the true facts. This power exists independent of statute and may be exercised in criminal cases. The court may correct such errors on its own motion or on the application of the parties." (*Jack*, *supra*, 213 Cal.App.3d at p. 915.) *Jack* further stated that "[a] trial court has jurisdiction to correct an erroneous sentence in several circumstances," including "if the sentence is unauthorized by law." (*Ibid.*)

The court explained that in most cases in which clerical error occurs, the sentence originally imposed was not authorized,

11

and the trial court has jurisdiction to correct its error. (*Jack*, *supra*, 213 Cal.App.3d at p. 916.) Because the sentencing court must award credit according to an established formula, *Jack* held that the determination of the number of days in presentence custody, like the formula calculation itself, should be characterized as a ministerial duty. (*Id.* at p. 917.) Any error in carrying out that duty is by definition clerical and subject to correction, allowing the trial court "to fulfill its statutory duty to grant the correct number of presentence credits." (*Ibid.*)

Although not strictly dictum, the *Jack* court's citation to the unauthorized sentence rule as a basis for jurisdiction was unnecessary to its decision. In any event, this characterization of the unauthorized sentence rule is inconsistent with our Supreme Court's holding in *G.C.*, and is therefore no longer good law.

Our conclusion that the trial court lacked jurisdiction to modify King's sentence on a motion to vacate an unauthorized sentence finds further support in the practical consequences of a contrary ruling. A trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b). (*Torres, supra,* 44 Cal.App.5th at p. 1084; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 ["Because the trial court lacked jurisdiction to modify defendant's sentence, denial of his motion to modify his sentence could not have affected his substantial rights. [Citation.] Accordingly, the 'order denying [the] motion to modify sentence is not an appealable order' "]; *Chlad, supra,* 6 Cal.App.4th at pp. 1725–1726 [where trial court lacks jurisdiction to grant relief, defendant has no standing to seek recall of sentence and denial of motion for recall does not affect defendant's substantial rights under § 1237, subd.

12

(b)]; see also *People v. Thomas* (1959) 52 Cal.2d 521, 527.)  But if the fact that a sentence is unauthorized itself created jurisdiction in the trial court to change the sentence, a defendant could establish jurisdiction any time simply by filing a motion alleging an unauthorized sentence.  And if such a motion always conferred jurisdiction on the trial court, an order denying relief would affect a substantial right and would therefore be appealable.  (Cf. *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600–601 (*Teal*) [denial of a petition for resentencing under section 1170.126 is appealable because it affects a substantial right to judicial review].)  Such a mechanism to evade the jurisdictional limits on a trial court's authority to modify a sentence already in execution would impermissibly allow a defendant to "revive lapsed jurisdiction by his own unilateral act."  (*People v. Chavez*, *supra*, 4 Cal.5th at p. 787.)  By contravening the requirement of a timely notice of appeal, it would also contradict the holding in *G.C.*[6]

---

[6] Independent of the issues addressed in *G.C.*, a rule that a trial court has jurisdiction to modify an unlawful sentence at any time creates appealability problems that are inconsistent with general principles of appellate review.  Such a rule provides jurisdiction in the trial court only if a sentence is truly unauthorized.  And, as discussed, if the trial court has no jurisdiction, no appeal lies.  The rule therefore necessarily predicates appellate jurisdiction on the merits of the defendant's motion.  That is contrary to the general principle that appealability is separate from the merits of an appeal.  (See *Teal, supra,* 60 Cal.4th at p. 600 [a postjudgment order affecting the substantial rights of a party under section 1237, subdivision (b) "does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto"].)

Moreover, a freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action. (*In re Cook* (2019) 7 Cal.5th 439, 451.) Thus, a defendant who wishes to challenge a sentence as unlawful after the defendant's conviction is final and after the defendant has begun serving the sentence must do more than simply file a motion in the trial court making an allegation that the sentence is legally infirm.

The unavailability of a motion procedure does not deprive wrongfully incarcerated defendants of a remedy. A defendant who is serving a longer sentence than the law allows may challenge the sentence in a petition for a writ of habeas corpus. Indeed, the purpose of the writ is to give summary relief against such illegal restraints of personal liberty. (*People v. Romero* (1994) 8 Cal.4th 728, 736 (*Romero*).) Our Supreme Court identified this avenue of relief in *G.C.* in pointing out that jurisdiction existed in a prior case that relied on the unauthorized sentence doctrine because the case "involved a writ of habeas corpus challenging the judgment of conviction giving rise to the petitioner's custody." (*G.C., supra,* 8 Cal.5th at p. 1130, citing *In re Harris*, *supra*, 5 Cal.4th at p. 823.)

The prosecution also has the means to challenge unlawful sentences. Section 1238, subdivision (a)(10) provides the People with the right to appeal unlawful sentences. And section 1170.03 (previously codified at section 1170, subd. (d)) permits the district attorney (or Attorney General in cases prosecuted by the

14

Department of Justice) to recommend at any time that a sentence be recalled and the defendant resentenced.[7]

In requiring the parties to follow the appropriate procedures for invoking a court's jurisdiction to consider an alleged unlawful sentence, we are not needlessly exalting form over substance.  Like other convicted defendants who claim that they have been unlawfully detained, a defendant who claims that his or her sentence is illegal must meet the requirements for habeas relief.  Those requirements include a verified petition stating the "alleged illegality" of the imprisonment (§ 1474), and a description of prior applications for habeas relief "in regard to the same detention or restraint."  (§ 1475.)  If the court determines that the petition does not state a prima facie case for relief ("that is, whether it states facts that, if true, entitle the petitioner to relief"), the court may summarily deny the petition.  (*Romero, supra,* 8 Cal.4th at p. 737.)  And, if the trial court denies the petition, the defendant is not entitled to an appeal by right, but must seek review through another habeas petition filed in the reviewing court.  (*People v. Garrett* (1998) 67 Cal.App.4th 1419, 1421–1423.)  A defendant who is incarcerated under a truly

---

[7] That section includes the limitation that a new sentence, "if any," may not be "greater than the initial sentence." (§ 1170.03, subd. (a)(1).)  This limitation may not apply if an unlawful sentence can be corrected only by increasing the sentence.  (See *People v. Torres* (2008) 163 Cal.App.4th 1420, 1428–1433; *People v. Reyes* (1989) 212 Cal.App.3d 852, 856–858.) We need not consider that issue here.

illegal sentence should not have difficulty in meeting the requirements for habeas relief.[8]

Our holding here is necessarily limited to the circumstances of this case, involving a motion filed by an incarcerated defendant seeking a substantive change to his sentence after his conviction has become final and where the trial court did not otherwise have jurisdiction. We do not attempt to consider all the potential implications of characterizing the unauthorized sentence rule as a principle of waiver rather than jurisdiction.[9] Instead, our holding is restricted to the proposition that the unauthorized sentence doctrine does not itself create jurisdiction for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence after the conviction is final and after the execution of the sentence has begun.

---

[8] An unauthorized sentence is one that " 'could not lawfully be imposed under any circumstance in the particular case' " regardless of the facts. (*G.C., supra,* 8 Cal.5th at p. 1130, quoting *Scott*, *supra*, 9 Cal.4th at p. 354.)

[9] For example, some courts have cited the unauthorized sentence doctrine as an exception to the rule that the filing of a notice of appeal divests the trial court of jurisdiction. (See, e.g., *People v. Burhop* (2021) 65 Cal.App.5th 808, 814.) The court's decision in *G.C.* casts doubt on that proposition. In any event, apart from the unauthorized sentence doctrine, jurisdiction may exist in the trial court after the filing of a notice of appeal under section 1170.03. (See *People v. Williams* (2007) 156 Cal.App.4th 898, 909.)

## DISPOSITION

The appeal is dismissed.

CERTIFIED FOR PUBLICATION.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.