[Crim. No. 740.  In Chambers of Chief Justice. — February 27, 1901.]

Ex parte J. ELLIS RODLEY, on Habeas Corpus.

CRIMINAL LAW — APPEAL — WRIT OF ERROR TO UNITED STATES SUPREME COURT — SUPERSEDEAS — CUSTODY OF DEFENDANT — HABEAS CORPUS. — A writ of error allowed by this court, in a criminal case, to the supreme court of the United States, under which proper proceedings have been had to perfect the writ, operates as a *supersedeas* from the date of its allowance, and suspends the sentence of imprisonment, until the decision of that court upon the matter to be reviewed is regularly certified to this court; and when, after the allowance of the writ of error, the prisoner was being conveyed to the state's prison, he will, upon *habeas corpus*, be remanded to the custody of the sheriff, to be confined in the jail of the county where he was tried, pending the decision and mandate upon the writ of error.

HABEAS CORPUS, in chambers of the Chief Justice of the Supreme Court, to the Sheriff of Butte County. W. H. Beatty, Chief Justice.

The facts are stated in the opinion of the chief justice.

George D. Collins, for Petitioner.

Jo D. Sproul, District Attorney of Butte County, and Knight & Heggerty, for Respondent.

BEATTY, C. J. — The petitioner, having been convicted of the crime of perjury in the superior court of Butte County, took an appeal to this court, where the judgment was affirmed. Pending his appeal he remained in the custody of the sheriff of Butte County, confined in the county jail, in pursuance of

the order of the superior judge certifying that there was probable cause for his appeal. After the affirmance of the judgment of the superior court by this court, there was a petition for a rehearing, and this was denied on the twenty-eighth day of January, 1901, whereby the judgment became final. On the following day—January 29, 1901,—a writ of error was allowed by me, as chief justice of the supreme court, by which the cause is made reviewable in the supreme court of the United States upon assignments of error involving an alleged conflict between a law of this state and the fourteenth amendment to the constitution of the United States. A proper bond to prosecute the writ was presented, approved, and filed, citation and writ duly issued, and copies filed in the clerk's office on January 30th. On the 31st the citation was served on the defendant in error by delivering a copy to the attorney-general.

On the first day of February the sheriff of Butte County was on his way from the county seat to San Quentin with the prisoner, for the purpose of delivering him to the custody of the warden of the state prison, in execution of the sentence of the superior court, when he was served with the writ of *habeas corpus* issued herein, in obedience to which the prisoner was produced before me. The parties not being ready to proceed with the hearing at that time, a provisional order was made, remanding the prisoner to the custody of the sheriff, to be by him confined in the county jail of Butte County until otherwise ordered. Subsequently, the matter was fully heard, and the facts above stated were disclosed by the records or stipulated by the parties.

Upon these facts, and the law established by the statutes of the United States and the decisions of its courts, I have no doubt that the writ of error operated as a *supersedeas* from the date of its allowance, and that the sentence of imprisonment pronounced upon the prisoner is suspended until the decision of the supreme court of the United States upon the matter to be reviewed is regularly certified to the supreme court of this state. (U. S. Rev. Stats., secs. 1000, 1003, 1004, 1007, 1017; *Hudson* v. *Parker*, 156 U. S. 277; *Matter of Claasen*, 140 U. S. 200; *Bryan* v. *Bates*, 12 Allen, 201.)

The holding of the prisoner, therefore, in the custody of the sheriff in any other place than the county jail of Butte County, and especially for the purpose of delivering him to the custody of the warden of the state prison in execution of his sentence,

is unwarranted and unlawful. He must remain, pending the decision of the supreme court of the United States and its mandate, in the custody of the sheriff, and at the usual place of confinement.

It is therefore now ordered that the said J. Ellis Rodley be, and he is hereby, remanded to the custody of the sheriff of the county of Butte, state of California, to be by said sheriff detained in custody until a final judgment upon the writ of error issued by the supreme court of the United States, and filed in the supreme court of California, in the case of the People of the State of California, respondent, v. J. Ellis Rodley, appellant, being case numbered Crim. No. 643, in the supreme court of California, or until the said J. Ellis Rodley is ordered released on bail, pursuant to the provisions of section 1017 of the Revised Statutes of the United States.