[Civ. No. 2059.    First Appellate District.—May 17, 1917.]

## CITY PROPERTIES COMPANY (a Corporation), Appellant, v. F. E. MEACHAM, Respondent.

JUDGMENT BY DEFAULT — PREMATURE ENTRY — SUBSEQUENT MOTION TO ENTER DEFAULT—PENDENCY OF MOTION TO VACATE—ENTRY OF DEFAULT PROPERLY REFUSED.—A default entered by the clerk upon the expiration of ten days from the time of service of an amended complaint, but within less than ten days from the time of filing of such amended complaint, is irregular; and a motion made after the expiration of ten days from the time of the filing of such complaint to enter the default, is properly denied, where at the time such motion was made there was pending a motion to set aside the default.

ID.—INADVERTENT ENTRY OF JUDGMENT — APPEAL — POWER OF TRIAL COURT TO VACATE.—Where the clerk of the court inadvertently enters findings delivered to him for the judge, as the judgment of the court, without the judge having seen or examined them, the court has power to set aside the judgment, although an appeal had been taken therefrom.

APPEALS from an order of the Superior Court of the City and County of San Francisco denying a motion to enter a default, from a purported judgment entered by the clerk and subsequently set aside by the court, and from an order setting aside said purported judgment.    Marcel E. Cerf and E. P. Shortall, Judges.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

Chas. H. Sooy, and Courtney L. Moore, for Respondent.

KERRIGAN, J.—In this action the plaintiff takes three appeals—one from an order denying his motion to enter the default of the defendant; another from a purported judgment entered by the clerk and subsequently set aside by the court, and the third from the order setting said purported judgment aside.

As to the first of these appeals it appears that the plaintiff served upon the defendant an amended complaint, and at the

expiration of ten days thereafter, no answer having been served or filed, caused the clerk to enter the defendant's default. The plaintiff, however, did not file said amended complaint so served upon defendant until some eight days after said service, so that at the time of the entry of defendant's default by the clerk his time to answer had not expired—the service not being complete until the filing of the paper (*Coker* v. *Superior Court,* 58 Cal. 177, 178; *Billings* v. *Palmer,* 2 Cal. App. 432 [83 Pac. 1077]). The defendant moved to set this default aside. Pending this motion, more than ten days after the filing of said amended complaint having elapsed, the plaintiff moved the court to enter the default of the defendant. These motions came on for hearing together, and the court granted the motion of defendant, and denied that of the plaintiff; and it is this latter order that the plaintiff asks to have reviewed as an incident to his appeal from the judgment. .

We think it clear that this order of the trial court was correct. Pending his motion to set aside the default, which the plaintiff had irregularly caused to be entered against him, the defendant was not required to file his answer; and indeed the clerk would have been justified in refusing to file it if tendered, in view of the state of the record which disclosed that the defendant's default had been entered.

As to the purported appeal from the judgment and the order setting it aside, it appears that at the conclusion of the trial judgment was ordered entered in defendant's favor. Thereafter the defendant prepared findings—they not having been waived—and delivered them to the clerk of the court for submission to the judge; but the clerk inadvertently entered them as the judgment of the court without the judge of the court having seen or examined them. Upon motion of the plaintiff timely made, this judgment so entered was by the court vacated.

It being apparent that the judgment was entered by the clerk of the court through inadvertence, there is no doubt of the power of the court, under such circumstances, to correct the record of the court's proceedings and to make it speak the truth. The contention of the appellant, therefore, that by the taking of its appeal from the judgment so inadvertently entered the court lost jurisdiction to take any further action cannot be sustained. The court acted wholly within its authority

in purging its records of the judgment entered under the circumstances described.

It follows from what we have said that the appeal from the purported judgment—in which it is also sought to have reviewed the order of the court refusing to enter the defendant's default—must be dismissed; and that the order setting aside and vacating said judgment must be affirmed. It is so ordered.

Richards, J., and Beasly, J., *pro tem.*, concurred.