[L. A. No. 11827. In Bank.—January 22, 1930.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF IMPERIAL COUNTY et al., Respondents.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Elmer W. Heald, District Attorney, and Edward B. Patterson, Deputy District Attorney, for Petitioner.

Hickcox, Trude & Johnson, Edgar B. Hervey, R. B. Whitelaw and Utley & Nuffer for Respondents.

SHENK, J.—This is an application for a writ of mandate to compel the respondent Superior Court and judge thereof to issue an appropriate order to put into effect a judgment heretofore rendered in said court in an action entitled *People* v. *Salvadore Maggio* (No. 1947). In said action the defendant was charged by information with the crime of failure to stop and render aid, etc., a felony (committed on or about August 23, 1927), as defined by section 367c of the Penal Code. Maggio was convicted on November 16, 1927,

and sentenced to imprisonment in the state prison. He appealed from the judgment and from an order denying his motion for a new trial. The judgment and order were affirmed. (*People* v. *Maggio*, 90 Cal. App. 683 [266 Pac. 813].) Upon the going down of the *remittitur* the respondent court, on May 31, 1928, made an order purporting to amend the judgment which had been thus affirmed and on an appeal by the People from such order the same was reversed. (*People* v. *Maggio*, 96 Cal. App. 409 [274 Pac. 611].) The *remittitur* on the second appeal was filed in the respondent court on February 24, 1929. Thereafter on March 15, 1929, the district attorney moved said court to direct that the commitment be issued and delivered to the sheriff for the purpose of enforcing the judgment. Concurrently, the defendant made an application for probation. The motion of the district attorney was denied and the application for probation was granted. On April 2, 1929, the petition in the present matter was filed, alleging that the Superior Court was without power to grant probation after the affirmance of the judgment of conviction on appeal.

The facts of the case, which need not be further recounted, show no abuse of discretion on the part of the trial court in granting probation, provided the court had the power to make the order. The question of the power of the court under present law to grant probation after the affirmance of a judgment of conviction was determined in the recent case of *Lloyd* v. *Superior Court*, *ante*, p. 622 [283 Pac. 931]. It was there decided that the court has such power. On the authority of that case the petition for the issuance of the peremptory writ is denied.

Richards, J., Seawell, J., Waste, C. J., Preston, J., Langdon, J., and Curtis, J., concurred.