[Crim. No. 1870.   Second Appellate District, Division One.—January 30, 1930.]

In the Matter of the Application of EDWARD MAGUTH for a Writ of Habeas Corpus.

Ivan Kelso, J. Allen Davis, L. D. Stahl and Thomas J. White for Petitioner.

Lloyd S. Nix, City Prosecutor, and F. W. Fellows and Joe W. Matherly, Deputy City Prosecutors, for Respondent.

HOUSER, J.—The record herein discloses that, pursuant to the conviction of Edward Maguth in the Municipal Court of the city of Los Angeles, on a charge of reckless driving of an automobile, and following a judgment and sentence of the defendant to a term of ten days in the city jail of said city, he appealed from said judgment to the Superior Court, where the judgment was affirmed. As a part of said judgment of affirmance, by order of the Superior Court, a five-day stay of execution was granted to the defendant, at the termination of which time he was ordered to appear before the Municipal Court for further proceedings. Before the expiration of the five-day stay of execution granted to the defendant, the Municipal Court issued a commitment of the defendant to said city jail ''for the term of ten days, and the said defendant be discharged at the expiration of said term.'' On the day following the date of such commitment, and before the judgment had been executed either wholly or in part, the defendant appeared before the Municipal Court and was granted a further stay of execution for a period of ten days, with leave also granted to him to file an application for probation. At the same time the defendant was ordered to appear in said court eight days later for hearing on said application for probation. When said application came on for hearing the court sentenced the defendant to serve ten days in the city jail of the city of

Los Angeles, and then and there granted him probation by suspending the execution of the sentence thus imposed upon him. Thereupon the defendant was released from custody. More than five months later, on a second commitment issued by the Municipal Court on the judgment theretofore rendered against the defendant, he was arrested and placed in the city jail of the city of Los Angeles to serve the term of ten days specified in the said judgment. It is because of such last-named consequence, arising from the facts hereinbefore set forth, that, through the medium of a writ of *habeas corpus*, the defendant has sought his release from custody. No claim is made that at any time following the date of the order by which the defendant was granted probation he violated the terms of his probation; nor is it shown that for any reason or cause not appearing from the foregoing facts was the defendant restrained of his liberty.

From a consideration of the facts in the case, the first situation to which attention becomes directed is that, as a part of the judgment or order rendered by the Superior Court in affirmance of the judgment rendered by the Municipal Court, an order was made by which the execution of the judgment in the Municipal Court was stayed for a period of five days. ██ The general rule is that a judgment rendered by an appellate court, which is accompanied by directions to the lower court as to further proceedings in the matter, is mandatory in character, admits of no deviation therefrom, and that any proceedings by the lower court contrary to the directions contained in the *remittitur* from the appellate court are of no validity. (2 Cal. Jur. 1051; 8 Cal. Jur. 640, and cases there cited.) ██ Applying such rule, and remembering that before the expiration of the five-day stay of execution of the judgment granted by the Superior Court the Municipal Court issued its commitment of the defendant, at once it appears that such order of commitment, having been issued in violation of the order of the Superior Court, if not a nullity, at least was incapable of legal enforcement. ██ But aside from and irrespective of the effect of such order by the Municipal Court, on receipt of the *remittitur* from the Superior Court, except as limited by its terms, the jurisdiction of the Municipal Court of the action was restored to it. Thereafter, unless affected by appeal, or some proceeding of analogous effect,

its orders, within its jurisdiction, were binding and conclusive.

In the case of *Lloyd* v. *Superior Court,* 208 Cal. 622 [283 Pac. 931], the Supreme Court of this state has unqualifiedly recognized the legal right and authority of the trial court to hear and determine an application by a defendant for probation after an affirmance of its judgment by an appellate court of his conviction, at any time prior to the execution of the judgment·and so long as the trial court has jurisdiction of the case.

As from the statement of fact in the instant case it is apparent that at the time probation was granted to the defendant the judgment had never been executed either wholly or in part, and that in hearing and determining the application of the defendant for probation the Municipal Court was acting within its powers, it follows that, in the absence of any violation of the terms of his probation, the defendant was not properly and legally subject to arrest and detention on account of the judgment and sentence which theretofore had been imposed upon him. Accordingly, without consideration of other pertinent reasons urged by petitioner in the matter, it is ordered that petitioner be and he is hereby released from custody.

Conrey, P. J., and York, J., concurred.