[Crim. No. 4503.   Second Dist., Div. Three.   Dec. 1, 1950.]

THE PEOPLE, Respondent, v. PAUL DALTON HALL, Appellant.

William Herbert Hall for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

SHINN, P. J.—Paul Dalton Hall was charged in separate counts with a violation of section 288, Penal Code, a felony, committed on two separate occasions, September 19, 1949, and October 3, 1949, upon the person of a female child of 6 years. The information was filed October 27, 1949; on October 31, 1949, defendant with his counsel present was duly arraigned and, after waiving the reading of the information, entered a plea of not guilty.   On November 17, 1949, appellant with his counsel present, by leave of court, withdrew his plea of not guilty and entered a plea of guilty as charged in count I of the information, requesting leave to file an application for probation.   Permission to file application for probation was

granted and pursuant to section 288.1 of the Penal Code, a psychiatrist was appointed to examine defendant and report his findings to the court. On December 13, 1949, defendant and his counsel were present when the application for probation was denied and defendant was sentenced to the state prison for the term prescribed by law. Count II of the information was dismissed. Defendant filed an appeal from the judgment but subsequently dismissed it. On January 6, 1950, defendant filed his motion to set aside the judgment and sentence and plea of guilty on the following grounds: That his plea of guilty had been induced through "ignorance, inadvertence and misunderstanding of the nature of the charge" and the punishment to be imposed therefor; that his free will and judgment were overreached by untrue representations, seemingly corroborated by representatives of the People, made to him by arresting officers to whom he had made a "purported" confession. Defendant's motion to set aside the judgment and plea of guilty was denied on January 12, 1950; notice of appeal therefrom was filed on January 20, 1950.

Defendant contends that he was denied due process of law in that the committing magistrate had no copy of any complaint on file and that the record does not show that he, the defendant, was informed of the charges against him and his right to counsel at all stages of the proceeding; he states that he was denied the right to counsel at his preliminary examination before the magistrate; that he was not allowed time within which to secure counsel; that the counsel he did secure amounted merely to "token" counsel; that "he acted upon the advice of the arresting officers, and being frightened at the severity of the penalty, and induced by and of their promises of reward and freedom" elected to "cooperate."

In *People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13], it was held that in this state a motion to vacate a judgment is in the nature of a petition for *coram nobis* and a remedy of narrow scope. (*People* v. *Darcy,* 79 Cal.App.2d 683 [180 P.2d 752]; *People* v. *Martinez,* 88 Cal.App.2d 767 [199 P.2d 375].) As we said in *People* v. *Morton, ante,* p. 269 [223 P.2d 259], "the final, affirmed judgment of conviction is conclusive unless set aside upon a ground amounting to, akin to, or in the nature of extrinsic fraud or some other lack of due process, or, as has often been said in substance, upon proof that a fact existed which could not in the exercise of due diligence by the defendant have been proved at the trial, and which, if known then, would have precluded the judgment from being

entered." (*People* v. *Shorts*, 32 Cal.2d 502, 508 [197 P.2d 330] ; *People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657] ; see *People* v. *Bronaugh, ante*, p. 220 [223 P.2d 256].)

▉ Defendant made no motion under section 995, Penal Code, to set aside the information. When no such motion is made any invalidity in the proceedings prior to the commitment is deemed waived. (*In re Tedford*, 31 Cal.2d 693, 694 [192 P.2d 3] ; *People* v. *Morton, supra*.) ▉ Defendant's own statements belie his assertions that he was not informed of the charges against him and the penalty therefor, and we find nothing in the record to support his contentions that his confession was induced by promises of freedom and reward made by the arresting officers. The record shows that defendant was represented by counsel at the time he withdrew his plea of not guilty and during the proceedings in the superior court. We here reiterate the rule that the State cannot be held responsible for the advice received by a defendant from his own attorney (*People* v. *Gilbert, supra; People* v. *Kirk*, 98 Cal.App.2d 687 [220 P.2d 976] ; *People* v. *Morton, supra*).

Defendant has failed to show that he was deprived of any constitutional right or that there were facts which, if brought to the attention of the trial court, would have prevented judgment from being entered against him.

The order appealed from is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied December 12, 1950.