[Crim. No. 4825.   Second Dist., Div. Three.   Dec. 29, 1952.]

THE PEOPLE, Appellant, v. PAUL DALTON HALL,
Respondent.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Appellant.

William Herbert Hall for Respondent.

VALLÉE, J.—The People appeal from an order made after judgment denying their motion to vacate and set aside an order placing defendant on probation and an order recalling the commitment of defendant to state prison.

The chronology of events in the court below was as follows:

November 17, 1949—defendant pleaded guilty to a violation of Penal Code, section 288, and applied for probation.

December 13, 1949—probation was denied, defendant was sentenced to the state prison, and remanded to the custody of the sheriff to be delivered to the custody of the director of corrections at San Quentin.

December 21, 1949—a stay of execution of the sentence was granted to and including January 12, 1950.

December 23, 1949—defendant filed a notice of appeal from the judgment.

January 6, 1950—defendant filed a motion to set aside the judgment and his plea of guilty.

January 11, 1950—defendant filed a dismissal of his appeal from the judgment.

January 12, 1950—defendant's motion to set aside the judgment and his plea of guilty was denied.

January 17, 1950—the sheriff delivered defendant to the custody of the director of corrections at San Quentin.

January 20, 1950—defendant filed a notice of appeal from the order denying his motion to set aside the judgment and his plea of guilty.

January 20, 1950—defendant filed a notice of motion to fix a bond pending the appeal.

January 27, 1950—bond on appeal was fixed, a certificate of probable cause was issued, and it was ordered that the sheriff return defendant from the state prison to the Los Angeles county jail pending the determination of the appeal.

February 4, 1950—pursuant to said order, defendant was delivered to the custody of the sheriff.

February 7, 1950—defendant was released on the bail theretofore fixed.

December 1, 1950—the order denying defendant's motion to set aside the judgment and his plea of guilty was affirmed on appeal. (*People* v. *Hall*, 100 Cal.App.2d 763 [224 P.2d 812].)

December 20, 1950—defendant filed a motion for reconsideration of the order denying his application for probation, and the hearing thereof was continued to December 27, 1950.

December 27, 1950—defendant's motion for reconsideration of his application for probation was granted; sentence was suspended and he was placed on probation for a period of 10 years, and, as a condition thereof, he was ordered to serve the first 10 months in the county jail with good time allowed if earned; bail was exonerated, and defendant was remanded to the county jail.

January 8, 1951—the remittitur from the District Court of Appeal was filed with the clerk of the superior court.

July 18, 1951—a *nunc pro tunc* order was made recalling the commitment issued December 13, 1949, and the warden of the state prison was so notified.

November 6, 1951—the People filed a motion to set aside the order placing defendant on probation and the order recalling the commitment.

November 21, 1951—the defendant filed a motion that the court reconsider his application for probation on the ground that on December 27, 1950, the date he had been placed on probation, the remittitur from the District Court of Appeal had not been filed with the superior court; that it was filed on January 8, 1951.

December 13, 1951—the motion of the People filed November 6, 1951, and the motion of the defendant for reconsideration of his application for probation were denied.

December 14, 1951—the People filed a notice of appeal from the order denying the motion filed November 6, 1951.

The sole contention of the People is that the superior court was without jurisdiction to place the defendant on probation. The argument is that probation may not be granted after the execution of the sentence has begun. The attorney general does not raise any question with respect to the validity of any of the other orders which were made. Although the notice of appeal says the People appeal from the order recalling the commitment of defendant to the state prison, no point is made with respect to the validity of that order except as it is related to the order placing the defendant on probation.

At the time in question, section 1203 of the Penal Code[1] in relevant part provided that at such time or times fixed by the court, the court must hear and determine an application for probation; and if the court shall determine that there are circumstances in mitigation of punishment prescribed by law, or that the ends of justice would be subserved by granting probation to the defendant, the court shall have power, in its discretion, to place the defendant on probation.[2]

There is nothing in section 1203, as it read at the time in question, expressly limiting the power of the court to place a defendant on probation to the time before the execution of the sentence has begun. If such limitation exists, it arises by implication on the theory that jurisdiction of the trial court for all purposes ends when the execution of its sentence begins on a judgment of conviction.

Section 1243 in part provides: "An appeal to the Supreme Court or to a District Court of Appeal from a judgment of conviction does not stay the execution of the judgment in any case unless the trial or appellate court shall so order." Section 1245 provides: "If before the granting of the certificate [staying execution of the judgment], the execution of the judgment has commenced, the further execution thereof is suspended, and upon service of a copy of such certificate the defendant must be restored by the officer in whose custody he is, to his original custody." Section 1265 provides that

---

[1] Unless otherwise indicated, all section references are to the Penal Code.
[2] Section 1203 was amended in 1951. Stats. 1951, ch. 1438, p. 3396.

upon the going down of the remittitur from an appellate court to the court below, all orders necessary to carry the judgment into effect must be made by the court to which the remittitur is remitted.

Section 1272 provides: "After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail: 1. As a matter of right, when the appeal is from a judgment imposing a fine only. 2. As a matter of right, when the appeal is from a judgment imposing imprisonment in cases of misdemeanor. 3. As a matter of discretion in all other cases." ██ The discretion in granting bail after conviction is in the trial court in the first instance. (*In re Torres,* 80 Cal.App.2d 579, 580 [182 P.2d 573].) ██ The fact that the defendant has been convicted of a felony, sentenced, and has appealed, does not deprive the trial court of jurisdiction to grant bail pending the appeal. (Pen. Code, § 1291; *People* v. *Perdue,* 48 Cal. 552; *People* v. *Cornell,* 28 Cal.App. 654, 655-656 [153 P. 726].)

An appeal may be taken by the defendant in a criminal action from any order made after judgment, affecting his substantial rights. (Pen. Code, § 1237, subd. 3.) ██ An order denying a defendant's motion to set aside the judgment and his plea of guilty is such an order. (*People* v. *Shorts,* 32 Cal. 2d 502, 506-507 [197 P.2d 330].)

*People* v. *Durrant,* 119 Cal. 54 [50 P. 1070], held that a certificate of probable cause may be issued upon an appeal by a defendant from an order made after judgment. ██ On receipt of the remittitur from the reviewing court, the jurisdiction of the superior court is restored to it. (*In re Maguth,* 103 Cal.App. 572, 574 [284 P. 940].)

██ If the trial judge refuses or neglects to pass on the question whether there is probable cause for the appeal, or improperly denies a certificate to that effect, the defendant may make an application to a justice of the court to which the appeal is taken, even though he may have commenced serving his sentence. (8 Cal.Jur. 550, § 552.)

*In re Mayen,* 49 Cal.App. 531 [193 P. 813], was a proceeding in *habeas corpus* in which the petitioner sought an order that he be taken from the custody of the warden of the state prison and delivered to the custody of the sheriff. He had been convicted of a felony, sentenced to the state prison, and had appealed from the judgment of conviction. Thereafter, the trial judge had issued a certificate of probable cause which he later revoked, and ordered that a com-

mitment to the state prison issue. An application was made to the District Court of Appeal for an order staying execution of the judgment until such time as the record on appeal could be prepared and transmitted to that court and an application for a certificate of probable cause made to a justice thereof. The sheriff, in the meantime, had taken the petitioner to the state prison under the judgment and commitment of the superior court. Thereafter, the District Court of Appeal ordered that execution of the judgment be stayed until such time as the record on appeal from the judgment could be prepared and transmitted to that court and an application made to a justice thereof for a certificate of probable cause. In the course of its opinion in the habeas corpus proceeding, the court said (p. 536) : ''The effect of our order staying execution of the sentence was to make illegal petitioner's detention in the state prison during such time as the stay of execution may continue in force. A stay of execution of a judgment of conviction suspends the judgment and arrests all proceedings thereon during the continuance of the stay. The effect of the suspension of the judgment is that, during the time of the judgment's suspension, the defendant cannot be treated as a convict undergoing punishment for his crime, nor as one who is subject to imprisonment in the state prison—even for the purpose of detention. . . . Therefore, pending our stay of execution of the judgment of conviction, petitioner should be remanded to and remain in the custody of the sheriff (*Ex parte Rodley,* 132 Cal. 40 [64 P. 91] ) ; and the sheriff must keep his prisoner in the usual place of confinement—the county jail. . . . [P. 538] Where the certificate is refused by the trial judge in the first instance, the defendant is permitted to make application to a justice of this court for a certificate of probable cause, *even though he may have commenced serving his sentence.* . . . [P. 539] [T]he authority of the trial judge and that of a justice of this court to issue the certificate of probable cause are concurrent and co-ordinate. . . . A certificate of probable cause, in all its effects, is, substantially, the equivalent of an order staying execution pending an appeal from a judgment of conviction—nothing more and nothing less. Its filing with the clerk, by whomsoever it may have been granted, operates as a *supersedeas.* . . . [P. 545] Our conclusion is that the confinement of petitioner in the state prison, during the continuance of our order staying execution of the judgment of conviction, is unwarranted and

illegal, and that, during such time as our order staying execution may be in force, he should be remanded to the custody of the sheriff of Los Angeles County, to be by him confined in the county jail in that county." (Italics added.) (See, also, *In re Murphy*, 185 Cal. 298 [197 P. 59].)

*In re Brahm*, 98 Cal.App. 731 [277 P. 895], was an application to the District Court of Appeal for a stay of execution of a judgment in a criminal action. The defendant had been convicted of a felony and sentenced to the state prison. Thereafter, he moved the trial court to vacate the judgment; the motion was denied, and he appealed from the order. It was held (p. 732): "Although the intimation contained in the language found in section 1243 of the Penal Code is to the effect that on appeal *from a judgment of conviction* on a charge where sentence less than death has been imposed, 'in the sole discretion of the trial court' execution of the sentence may be stayed, the point has been directly ruled that, independent of statutory provision, the power of this court is inherent and plenary in all cases to issue writs or orders by which execution of the judgment will be stayed pending the determination of an appeal, whether such appeal be from the judgment itself, or from some other order made after judgment but which would be directly affected by the execution of the judgment. . . . [P. 733] It follows that an order staying execution of the judgment should be and it is granted. However, in so doing, this court again directs attention to the fact that in a proper case the duty of issuing such orders or certificates of probable cause rests primarily with the trial court, . . ." (See to the same effect *People* v. *Shorts*, 32 Cal.2d 502 [197 P.2d 330]; *People* v. *Tuthill*, 32 Cal.2d 819 [198 P.2d 505].)

*Beggs* v. *Superior Court*, 179 Cal. 130 [175 P. 642], held that section 1203, as it read in 1918, construed with sections 1191, 1263, and 1265, limited the power of the superior court to grant probation to a time prior to, or at the time of, pronouncing judgment and sentence. (See *Lloyd* v. *Superior Court*, 208 Cal. 622 [283 P. 931].) In 1923, the Legislature expressly so provided by inserting the words "before judgment and sentence" in the section. (Stats. 1923, ch. 144, p. 291.) In 1927, the Legislature deleted the words "before judgment and sentence" from section 1203. (Stats. 1927, ch. 770, p. 1493.)

*Lloyd* v. *Superior Court*, 208 Cal. 622 [283 P. 931], was a proceeding for a writ of mandate to compel the superior

court to entertain an application for probation. The defendant, in a criminal action, had been convicted of a felony and sentenced to the state prison. He appealed from the judgment. The judgment was affirmed, and a remittitur filed with the clerk of the superior court. Upon the taking of the appeal, a certificate of probable cause had been issued and the defendant had remained in the county jail pending the appeal. After the judgment had become final by affirmance, but before any further order of the superior court had been made looking to the execution of the judgment, the defendant applied for an order placing him on probation. The superior court declined to entertain the application on the ground it was without authority to do so. The proceeding for a writ of mandate followed. After discussing similar statutes and the decisions thereunder in other states and in the federal courts, the court declared (p. 629): ''It thus sufficiently appears that the uniform trend both of legislation and of judicial decision, state and federal, during the ten years which have intervened since the decision of the Beggs case has been steadfastly in the direction of upholding the power of trial courts to grant applications of offenders for probation at any time prior to the actual execution of the judgment or sentence, in the absence of an express limitation upon the exercise of such power contained in the terms of the probation laws. The amendment which the Legislature of this state adopted in 1927 (Stats. 1927, p. 1493), was in entire harmony with the then prevailing trend of both legislation and decision, insisting upon a liberal application to offenders of the merciful provisions of probation laws.'' It was held that the superior court had authority to entertain the application, the court stating (p. 630) ''we are of the opinion that it was the intention of the legislature by its last amendment of section 1203 of the Penal Code, adopted in 1927 (Stats. 1927, p. 1493), expressly removing the limitation of time imposed by the express terms of its earlier amendment, to invest trial courts with the power under said amended section to hear and determine applications for probation at any time prior to the execution of sentence, and that without reference to whether the defendant had in the meantime undertaken to prosecute a vain and unsuccessful appeal.''

*People* v. *Superior Court*, 208 Cal. 692 [284 P. 451], was a proceeding instituted by the People for a writ of mandate to compel the superior court to issue an appropriate order

to put into effect a judgment in a criminal action. The defendant in the criminal action had been convicted of a felony and sentenced to the state prison. He had appealed from the judgment and it had been affirmed. Upon the going down of the remittitur, the trial court had made an order purporting to amend the judgment which had been affirmed. On appeal by the People from the latter order, it was reversed, and the remittitur filed with the superior court. Thereafter, the district attorney moved the superior court to direct that the commitment be issued and delivered to the sheriff for the purpose of enforcing the judgment. Concurrently, the defendant made an application for probation. The motion was denied and the application was granted. The court held that the superior court had the power to grant the application for probation.

Where a judgment was imposed under the indeterminate sentence law for a crime committed before its enactment, it. was held that the superior court had jurisdiction to resentence the defendant even though he had served part of the sentence. (*In re McCready,* 179 Cal. 514, 516 [177 P. 459].) And *In re Fritz,* 179 Cal. 415 [177 P. 157], clearly indicates that the court was empowered to grant probation at the time fixed for such resentencing.

The People rely on *People* v. *Sloper,* 198 Cal. 601 [246 P. 802]; *In re Bost,* 214 Cal. 150 [4 P.2d 534]; *In re Sargen,* 135 Cal.App. 402 [27 P.2d 407]; *People* v. *McAllister,* 15 Cal.2d 519 [102 P.2d 1072]; and *People* v. *Sidwell,* 27 Cal.2d 121 [162 P.2d 913]. These cases are not controlling.

*People* v. *Sloper,* 198 Cal. 601 [246 P. 802], was an application to the Supreme Court for a stay of execution of a death sentence and for a certificate of probable cause. The defendant had been convicted of murder, sentenced to pay the extreme penalty, had appealed, and the judgment had been affirmed. During the pendency of the appeal, he had been confined in the county jail, and was there confined when the remittitur went down. He was then brought before the superior court for the purpose of having a day fixed for the execution of the judgment. He then interposed a motion that no proceedings relating to the fixing of the time for execution be taken for the reason that since the rendition of the original judgment, he had become, and was at the time of making the motion, insane, and that a jury be impanelled for determining that question. The motion was denied. The court held that under the provisions of the

Penal Code the power to determine the question of insanity was not vested in the superior court; that, therefore, no substantial right of the defendant was affected by the action of the superior court in denying his motion, and that the order was not appealable.

*In re Bost,* 214 Cal. 150 [4 P.2d 534], merely held that the superior court has no jurisdiction to grant probation where, pending appeal, no stay of execution was ordered, the defendant was committed to the state prison and released for a temporary purpose. The opinion recognizes the fact that delivery of a defendant to the warden by the sheriff does not in all cases permanently remove him from the jurisdiction of the superior court. It also recognizes the fact that if a certificate of probable cause had been issued after the sentence had been executed in part, the superior court, on the going down of the remittitur, would then have had jurisdiction to entertain an application for probation.

*In re Sargen,* 135 Cal.App. 402 [27 P.2d 407], was a proceeding in habeas corpus. After a judgment of conviction and delivery of the defendant to the warden of the state prison, he filed a motion to vacate the judgment. No order was made staying execution of the judgment. An order was made for the return of the defendant to the custody of the sheriff in order that he might testify on the hearing of the motion, which was done. The motion was granted; a plea of not guilty entered; a trial had; the defendant found guilty, and again sentenced to the state prison. He immediately applied for, and was placed on probation. The warden was not advised of the order, and after the defendant was released, took him into custody. The defendant then sought a writ of habeas corpus. The court held that because the warden had not been notified officially of the order placing the defendant on probation, the commitment of the defendant to his custody remained in effect, saying (p. 410): "If, therefore, any order be made in such or any other proceeding, purporting to affect the terms of the commitment theretofore issued, the order so made or a certified copy thereof must be served upon the warden; otherwise under the provisions of said section 1168 of the Penal Code it is his duty to enforce the mandate of imprisonment directed by the judgment of sentence embodied in said commitment," and (p. 411): "It is ordered, therefore, that when such an order is served upon the warden, the prisoner is entitled to be released." It is implicit from what is said in the Sargen

case that the superior court had jurisdiction to place the defendant on probation, and that the only defect in procedure was in not serving the order on the warden. In the present case, a certified copy of the order placing the defendant on probation was served on the director of corrections.

*People* v. *McAllister,* 15 Cal.2d 519 [102 P.2d 1072], merely held that a trial court, after having imposed a fine, and prior to the time the clerk has entered the sentence in his minutes, has jurisdiction to add an alternative provision of imprisonment in case of failure to pay the fine.

*People* v. *Sidwell,* 27 Cal.2d 121 [162 P.2d 913], was an appeal from a judgment of conviction and from an order denying a new trial. The judgment recited (p. 129): ''The Court will consider suspending all or part of sentence if restitution is made within five days.'' The court said that the superior court had no power to suspend execution of the sentence except as an incident to granting probation, but indicated that on the going down of the remittitur, it could entertain the application.

The attorney general has not cited us to any authority holding that when execution of the sentence has begun and a certificate of probable cause has then issued, or a defendant has then been released on bail, pending the determination of an appeal from an order made after judgment, the superior court is without jurisdiction to place the defendant on probation either pending the appeal or on the going down of the remittitur.

A defendant has 10 days after rendition of the judgment within which to appeal. (Rule 31, Rules on Appeal; 36 Cal. 2d 26.) If a sheriff complies with a commitment immediately and delivers the defendant to the custody of the warden of the state prison execution of the sentence will have begun before an appeal has been taken. If the contention of the People is to be upheld the trial court has permanently lost jurisdiction and the defendant may never thereafter be placed on probation even though later a certificate of probable cause has issued, or the defendant has been released on bail. To so hold would be contrary to the cases we have referred to which decide that on the going down of the remittitur the superior court has jurisdiction to place the defendant on probation.

An appeal from an order denying a motion to set aside a judgment does not operate to deprive the trial court of all jurisdiction over the cause pending the appeal from

the order, but only over so much of it as is affected by the appeal. An appeal of that character does not divest the trial court of jurisdiction as to purely collateral or supplemental matters distinct from the question involved on the appeal. (See *McKenzie* v. *Los Angeles Life Ins. Co.,* 88 Cal.App. 259 [263 P. 338]; *Bivins* v. *McDonald,* 50 Ga.App. 299 [177 S.E. 829]; *State* v. *DeGrace,* 144 Ore. 159 [22 P.2d 896, 898, 90 A.L.R. 232].) In this respect we are in accord with the view expressed by the learned trial judge in his memorandum opinion, which we quote and adopt in part: "That officer [the attorney general] has pointed out that this court placed the defendant on probation before the remittitur had been received from the District Court of Appeal, after its refusal to set aside the order of the trial court, denying defendant's motion to set aside its plea and entering a different plea. When there is an appeal from a judgment of conviction, the whole matter properly leaves the jurisdiction of the trial court and rests in the hands of the appellate court until it has seen fit to remit it once again to the trial court. During such period the trial court has and should have no power to act with respect to such pending matters, but when the matter has once again been sent back to the jurisdiction of the trial court, then even if the appellate court affirms the judgment of conviction it has the power to rehear the defendant's request for probation. (*Lloyd* v. *Superior Court,* 208 Cal. 622, 623 [283 P. 931].) But here there was no direct attack by appeal from the judgment but a collateral attack on the refusal of the trial court to set aside a plea. It was this collateral attack on the judgment which was appealed. The appellate court therefore was not passing on the *merits* of the conviction, but merely on the question as to whether or not the judgment should be set aside for a limited reason. The equivalent of a writ of *coram nobis* jurisdiction obviously rests and must rest in the trial court during this collateral attack, and unless the trial court has the authority to issue a certificate of probable cause, it can by inaction and alleging it was without authority flout the possible review of its action by the appellate court by punishment of the defendant. The granting of the writ of *coram nobis* to an innocent defendant would avail him nothing if the trial court could not issue its certificate of probable cause. . . . To permit the People to come into court on November 6, 1951, after the defendant has served his time and apparently successfully embarked upon the period of probation and rehabilitation

would tend to defeat the very purpose of all our criminal legislation, the rehabilitation of the individual offender.'' (See, also, *In re Byrnes*, 26 Cal.2d 824, 828 [161 P.2d 376]; *City Properties Co.* v. *Meacham*, 33 Cal.App. 696-697 [166 P. 593]; dissenting opinion of Mr. Justice Richards in *Beggs* v. *Superior Court*, 179 Cal. 130, 138 [175 P. 642], whose views prevailed as the majority opinion in *Lloyd* v. *Superior Court*, 208 Cal. 622 [283 P. 931]; 3 Cal.Jur.2d 682, §§ 193-195.)

Our conclusions from the authorities we have referred to are: ▮ (1) If a defendant has noticed a motion to set aside the judgment, the superior court has jurisdiction to issue a certificate of probable cause and thus stay execution of the sentence after it has begun. ▮ (2) The superior court has jurisdiction to admit a defendant to bail, except in a case punishable with death, after the execution of the sentence has begun. ▮ (3) If a defendant has noticed a motion to set aside the judgment and a certificate of probable cause has issued or he has been admitted to bail, the superior court has jurisdiction of the defendant and of so much of the cause as is not affected by the appeal. ▮ (4) As long as the superior court has jurisdiction of that part of the cause not affected by the appeal and of the defendant, it has jurisdiction to place him on probation.

Whatever view is taken of the proceedings below, the court had jurisdiction to place defendant on probation. On the granting of the certificate of probable cause after the appeal was taken from the order denying the motion to set aside the judgment, the further execution of the sentence was suspended, defendant was restored to his original custody, and he was released on bail. From the time the certificate was issued, jurisdiction of the defendant and of the cause was in the superior court except as such jurisdiction was affected by the appeal from the order denying the motion to set aside the judgment and the plea of guilty. The *nunc pro tunc* order of July 18, 1951, recalling the commitment was nothing more than suspension of the sentence which had theretofore been effected. (*Ex parte Slattery*, 163 Cal. 176-177 [124 P. 856].) If the appeal from the order did not divest the court of jurisdiction of the entire cause and over the defendant, and we think it did not, then the court had jurisdiction to place defendant on probation on December 27, 1950. If, however, it can be said that the appeal from the order denying the defendant's motion to set aside the judgment and his plea of guilty divested the superior court of jurisdiction to

place the defendant on probation until the judgment of the District Court of Appeal became final, its jurisdiction was restored on the going down of the remittitur on January 8, 1951. After the remittitur went down no further order was made by the superior court looking to the execution of the sentence, and the stay of execution remained effective. We construe the order denying the defendant's motion to reconsider his application for probation as an order placing him on probation on the terms and conditions specified in the order of December 27, 1950. This fact is apparent from the memorandum opinion of the trial judge, which is a part of the record on appeal, and which was filed at the time he denied the motion of the People and denied defendant's motion to reconsider his application for probation.

We conclude that the superior court had jurisdiction to place the defendant on probation on either December 27, 1950, or December 13, 1951, and that, therefore, the order appealed from should be affirmed.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 22, 1953.