[Crim. No. 8029. Second Dist., Div. One. Dec. 26, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ARTHUR NEVAREZ, Defendant and Appellant.

348

Elinor Chandler for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—The chronology of events in the court below begins with defendants plea of guilty to a charge of bigamy. Thereafter, on March 1, 1957, the court suspended proceedings and placed him on probation. For his subsequent desertion, probation was revoked and a bench warrant issued on June 24, 1957; on August 2, 1957, he appeared in court with counsel. A lengthy supplemental probation report recommending pronouncement of sentence was filed and the matter argued; for defendant's "violation of every condition" of probation the court revoked the same and sentenced him to the state prison, ordering that he be remanded to the custody of the sheriff of Los Angeles County for delivery into custody of the Director of Corrections at the State Prison in Chino. No appeal was taken from this judgment. However, four days later and on August 6, 1957, execution of the sentence of August 2, 1957, was ordered stayed to and including August 16, 1957; on August 16, the court granted defendant's "motion to reconsider denial of probation," ordered the August 2 sentence vacated, suspended the proceedings and granted him probation for five years on various terms and conditions. A year and one-half later, on April 30, 1959, again for defendant's deser-

tion, the court revoked probation and issued a bench warrant. It was not until two years after that, on July 19, 1961, defendant was found, living under an assumed name, and arrested. While still legally married to his fifth wife, defendant was living in a common law relationship with another woman, who since 1959 had borne him two children. The court directed the probation officer to file a supplemental report. On August 16, 1961, the matter was continued and defendant was ordered to show cause why the judgment and sentence of August 2, 1957, should not be ordered in force. On Auugst 30, 1961, the following was heard, "first of all, as to why the original sentence to state prison should not now be invoked; secondarily, why he should not be considered in violation of probation"; before the court was a lengthy supplemental probation report setting forth defendant's numerous violations and recommending probation remain revoked and sentence be pronounced and placed in full force and effect. Defense counsel argued the matter extensively. Concluding that the court on August 16, 1957, was, and is now, without jurisdiction to modify the judgment of commitment of August 2, 1957, the judge ordered defendant remanded to the custody of the sheriff with directions to deliver him to the state prison "as per the order made August 2, 1957." From this judgment (August 30, 1961) defendant appeals. We deem his contention herein—that the court on August 16, 1957, after sentencing him to the state prison on August 2, 1957, had jurisdiction to vacate that sentence and judgment and grant probation—to be correct.

No appeal was taken from the judgment of August 2, 1957, thus none was pending on August 6, 1957, when the stay of execution was granted; nor at that time had any motion been noticed. But it is apparent from the record that when "Execution of sentence [was] ordered stayed to and including August 16, 1957," the stay was granted in contemplation of a motion to reconsider and vacate the sentence to be made by defense counsel on or before August 16, 1957; and so it was. ■ While the "motion to reconsider denial of probation" did not contain a specific request for vacation of the judgment of August 2, 1957, it can hardly be claimed that it was not inherent in the motion; this was also the view of the trial judge who, on the basis of the motion and upon granting the same, "vacated" the previous state prison sentence of August 2, 1957. A proceeding of this kind is considered the equivalent of an application for writ of error *coram nobis*. (*People* v. *McCoy*, 115 Cal.App.2d 565 [252 P.2d 371]; *People* v. *Blair*,

146 Cal.App.2d 299 [303 P.2d 597].) Thus, the following situation is here presented—on August 2, 1957, the execution of sentence commenced and four days later the lower court granted a stay of execution for the purpose of entertaining an application for a writ of error *coram nobis* which was duly made within the time the stay was in effect; the issue is whether the stay suspended further execution of sentence restoring to the superior court jurisdiction over the cause. Following the principles set forth in *People* v. *Hall*, 115 Cal.App.2d 144 [251 P.2d 979], we think that it did.

■ The rule is that ''[a] trial court has power to entertain an application for probation at any time *prior* to execution of sentence, before or after judgment is pronounced, and on the going down of a remittitur. (*Lloyd* v. *Superior Court* (1929) 208 Cal. 622, 630 [283 P. 931]; *People* v. *Superior Court* (1930) 208 Cal. 692 [284 P. 451].)'' (Emphasis added.) (*People* v. *Sidwell*, 27 Cal.2d 121, 130 [162 P.2d 913].) This, without reference to whether defendant had in the meantime undertaken to prosecute in vain an unsuccessful appeal (*Oster* v. *Municipal Court*, 45 Cal.2d 134 [287 P.2d 755])—where a stay of execution was ordered pending the same (*In re Bost*, 214 Cal. 150 [4 P.2d 534]), or a certificate of probable cause issued. (*Lloyd* v. *Superior Court*, 208 Cal. 622 [283 P. 931].)

■ However as pointed up in *People* v. *Hall*, 115 Cal.App. 2d 144 [251 P.2d 979], under some circumstances, the superior court does have jurisdiction to grant probation on an application filed *after* the execution of sentence has begun. In the *Hall* case, *supra*, upon defendant's guilty plea he was sentenced to the state prison and remanded to custody. A stay of execution was granted pending appeal from the judgment; thereafter defendant moved to set aside the judgment and guilty plea, and dismissed his appeal. The motion was denied and the sheriff delivered defendant to the state prison. Three days after execution of sentence commenced he filed a notice of appeal from the order denying his motion; bond was fixed, a certificate of probable cause was issued, and he was released on bail; the order was affirmed on appeal. Thereafter defendant filed a motion for reconsideration of order denying his application for probation; it was granted and he was placed on probation. The People then moved to set aside the order placing defendant on probation and recalling commitment; the motion was denied and they appealed therefrom. The People claimed that the lower court was without jurisdiction to place defendant on probation, on the theory that probation

may not be granted after execution of sentence has begun. The issue amounted to whether a certificate of probable cause (stay of execution) granted three days after execution of sentence commenced stayed further execution thereof and returned jurisdiction to the superior court after the remittitur was filed, a situation, except for the appeal, similar to the one at bar. The court discussed the above cited cases at length. It commented particularly on *In re Bost,* 214 Cal. 150 [4 P.2d 534], (which held that the superior court had no jurisdiction to grant probation where pending appeal no stay of execution was ordered, defendant was committed to the state prison, and released for temporary purposes. only) as follows: "The opinion [*In re Bost,* 214 Cal. 150 (4 P.2d 534)] recognizes the fact that delivery of a defendant to the warden by the sheriff does in all cases permanently remove him from the jurisdiction of the superior court. It also recognizes the fact that if a certificate of probable cause [stay of execution] had been issued *after* the sentence had been executed in part, the superior court, on the going down of the remittitur, would then have had jurisdiction to entertain an application for probation." (Emphasis added.) (P. 153.) After a further discussion of the authorities the court continued at page 154: "The attorney general has not cited us to any authority holding that when execution of the sentence has begun and a certificate of probable cause has then issued, or a defendant has then been released on bail, pending the determination of an appeal from an order made after judgment, the superior court is without jurisdiction to place the defendant on probation either pending the appeal or on the going down of the remittitur." The court approved the view of the trial judge in his memorandum opinion in which he said: ". . . The equivalent of a writ of *coram nobis* jurisdiction obviously rests and must rest in the trial court during this collateral attack, and unless the trial court has the authority to issue a certificate of probable cause, it can by inaction and alleging it is without authority flout the possible review of its action by the appellate court by punishment of the defendant," and stated at page 156: "Our conclusions from the authorities we have referred to are: (1) If a defendant has noticed a motion to set aside the judgment, the superior court has jurisdiction to issue a certificate of probable cause and thus stay execution of the sentence after it has begun. . . . (3) If a defendant has noticed a motion to set aside the judgment and a certificate of probable cause has issued or he has been admitted to bail, the superior court has jurisdiction

of the defendant and of so much of the cause as is not affected by the appeal. (4) As long as the superior court has jurisdiction of that part of the cause not affected by the appeal and of the defendant, it has jurisdiction to place him on probation.''

A certificate of probable cause in all its effect is substantially the equivalent of an order staying execution. (*In re Mayen*, 49 Cal.App. 531 [193 P. 813].) In the instant cause, although no appeal or notice of motion was pending, but in contemplation of an application for writ of *coram nobis* which was thereafter made, the lower court granted a stay of execution. Thus under *People* v. *Hall, supra*, while execution of the sentence had commenced four days before, further execution thereof was stayed. From that time (August 6, 1957), the superior court had jurisdiction over the defendant and the cause, and on August 16, 1957, had jurisdiction to vacate the judgment of August 2, 1957, and place him on probation.[1] We conclude, therefore, that the lower court erred in ordering the judgment of commitment of August 2, 1957, into effect. Our conclusion renders appellant's other contention invalid. Thus for the foregoing reasons, that portion of the order of August 30, 1961, remanding defendant to the custody of the sheriff, with directions to deliver him to the State Prison at Chino as per the order of August 2, 1957, is reversed.

The record discloses that on April 30, 1959, for a violation of probation (granted August 16, 1957), the same was revoked and a bench warrant was ordered issued for defendant's arrest; that the matters finally called up for hearing thereon on August 30, 1961, were ''as to why the original sentence to state prison should not now be revoked; secondarily, why he should not be considered in violation of probation.'' The first was disposed of by the court's order herein reversed. While the same order recites that if probation was properly granted on August 16, 1957, ''it appears that he is now in violation of such probation,'' the transcript of the proceedings reveals that the judge, having concluded the court had ''no jurisdiction other than to direct that the defendant be delivered to the sheriff in execution of'' the sentence of August 2, 1957, did not rule on the second matter (''why he should not be considered in

---

[1]After August 16, 1957, and in 1957, Penal Code section 1203.2, as amended, went into effect providing that judgment could be set aside following revocation of probation within 30 days after notice that execution of sentence had commenced.

violation of probation'') and the same is still pending. Therefore, the cause is remanded to the superior court for further proceedings.

Wood, P. J., and Fourt, J., concurred.