Filed 2/5/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DANA STUBBLEFIELD,<br><br>     Petitioner,<br><br>     v.<br><br>THE SUPERIOR COURT OF SANTA CLARA COUNTY,<br><br>     Respondent;<br><br>THE PEOPLE,<br><br>Real Party in Interest. | H052893<br>(Santa Clara County<br>Super. Ct. No. F1660022) |

Petitioner Dana Stubblefield is currently serving a term of 15 years to life in state prison following his conviction for forcible rape and related offenses in 2020. On direct appeal, we held the conviction was legally invalid based on a violation of the California Racial Justice Act (RJA). We reversed the judgment, vacated the conviction and sentence, and remanded the matter to the trial court to conduct new proceedings. We filed our opinion on December 26, 2024, and the remittitur to the trial court has not yet issued.

On December 31, 2024, Stubblefield filed a motion in respondent court for release on his own recognizance or on bail pending the final outcome of the appeal. The court denied the motion on the ground that it lacked jurisdiction because the remittitur from the decision on appeal had not yet issued.

In this petition for writ of mandate, Stubblefield contends the trial court erred in denying his motion for release without ruling on the merits of the motion. He argues the trial court had jurisdiction to rule on his motion notwithstanding the lack of remittitur. On behalf of real party in interest the People, the Attorney General concedes the trial court erred and he agrees the trial court has jurisdiction to rule on Stubblefield's motion for release.

For the reasons below, we conclude the concession is well taken. We will issue a peremptory writ of mandate commanding respondent court to vacate its decision denying Stubblefield's motion for release and conduct proceedings to rule on the merits of the motion.

## I. PROCEDURAL BACKGROUND

The prosecution charged Stubblefield in a felony complaint filed in May 2016. He was admitted to bail on a $250,000 bond and remained out of custody until July 2020, when a jury found him guilty of forcible rape, forcible oral copulation, and false imprisonment. Upon receiving the verdict, the trial court immediately remanded Stubblefield into custody, and in October 2020, the court sentenced him to a term of 15 years to life in prison. Stubblefield filed a timely notice of appeal in November 2020.

On appeal, Stubblefield contended the prosecution had violated the RJA during the trial proceedings, among other claims. We held the prosecution violated the RJA by using racially discriminatory language in violation of Penal Code section 745, subdivision (a)(2), and we further held that subdivision (e)(2)(A) mandated a specific remedy: that we declare Stubblefield's conviction legally invalid, vacate his sentence and conviction, and remand the matter to the trial court to conduct new proceedings consistent with section 745, subdivision

2

(a).[1] (*People v. Stubblefield* (2024) 107 Cal.App.5th 896.)[2] We filed our opinion on December 26, 2024, and 30 days later it became final in this court without modification. (Cal. Rules of Court, rule 8.366(b)(1).) As of the filing of this opinion, we have not yet issued a remittitur to the trial court from our decision on appeal. On February 4, 2025, the Attorney General petitioned the California Supreme Court for review of our decision.

Stubblefield has remained in custody since the trial court remanded him upon receiving the jury's verdict. On December 31, 2024, Stubblefield filed a motion in the trial court seeking his release pending the final outcome of the appeal. Stubblefield argued the trial court had jurisdiction to rule on the motion under section 1272, and he asserted he was entitled to release based on the criteria set forth in section 1272.1.

The trial court held a hearing on January 17, 2025. The People filed no written opposition to the motion but opposed it orally. The People argued the trial court lacked jurisdiction to rule on Stubblefield's motion because the remittitur with the decision on appeal had not yet issued, and he was still in custody in state prison. The trial court ruled that it lacked jurisdiction to adjudicate the merits of the motion for release because the remittitur had not issued.

On January 21, 2025, Stubblefield petitioned this court for a writ of mandate asking that we order the trial court to adjudicate his motion for release. On January 24, we notified the parties that this court was considering issuing a peremptory writ in the first instance, and we gave the People 10 days to file briefing in opposition consistent with *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 and *Lewis v. Superior Court* (1999) 19 Cal.4th 1232. On

---

[1] Subsequent undesignated statutory references are to the Penal Code.
[2] We grant Stubblefield's request for judicial notice of the record on appeal in that matter.

3

January 30, the Attorney General filed a preliminary response on behalf of the People.  The Attorney General concedes the trial court had jurisdiction to rule on Stubblefield's motion for release and that the court erred in ruling otherwise.

## II. ANALYSIS

As a general rule, " '[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur' [citation], thereby divesting the trial court of jurisdiction over anything affecting the judgment.  [Citations.]" (*People v. Flores* (2003) 30 Cal.4th 1059, 1064 (*Flores*).)  " 'Until the remittitur issues, the lower court lacks jurisdiction over the *subject matter* of the order or judgment on appeal. [Citation.]' " (*People v. Superior Court (Mitchell)* (2024) 17 Cal.5th 228.)  This rule prevents the trial court from rendering an appeal futile by conducting proceedings that may affect or alter the judgment on appeal.  (*Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1089 (*Townsel*).)

However, appellate jurisdiction does not divest the trial court of all power to act.  (*Townsel, supra,* 20 Cal.4th at p. 1089.)  Under Code of Civil Procedure section 916, subdivision (a), " 'the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, *but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order*.'  (Italics added.)  Thus, during the pendency of an appeal . . ., the trial court 'retains certain powers over the parties and incidental aspects of the cause . . . .' [Citation.]" (*Townsel*, at pp. 1089-1090.)

Furthermore, a trial court's jurisdiction survives where provided by statute. (*Flores, supra*, 30 Cal.4th at p. 1064.)  With exceptions not applicable here, the Penal Code gives trial courts jurisdiction to rule on a defendant's motion for

4

release pending appeal notwithstanding the filing of a notice of appeal. Section 1272 provides in part, "After conviction of an offense not punishable with death or life without the possibility of parole, a defendant who has made application for probation *or who has appealed* may be admitted to bail . . . ." (Italics added.) Under section 1272, subdivision (c), "a convicted felon who is sentenced to a term of imprisonment 'may be admitted to bail . . . [as] a matter of discretion.' " (*In re Podesto* (1976) 15 Cal.3d 921, 929 (*Podesto*).) "The fact that the defendant has been convicted of a felony, sentenced, and has appealed, does not deprive the trial court of jurisdiction to grant bail pending the appeal." (*People v. Hall* (1952) 115 Cal.App.2d 144, 148.)

Section 1291 expressly creates trial court jurisdiction over a motion for release pending appeal: "In the cases in which defendant may be admitted to bail upon an appeal, the order admitting him to bail may be made by any Magistrate having the power to issue a writ of habeas corpus, or by the Magistrate before whom the trial was had." "[A]pplications for bail pending appeal must generally be presented in the first instance to the trial court." (*Podesto*, *supra*, 15 Cal.3d at p. 929, fn. 4.) (See also Cal. Rules of Court, rule 8.312 [pending appeal, a defendant may apply to the reviewing court for bail, to reduce bail, or for release on other conditions upon a showing that the defendant sought relief in the superior court and that the court unjustifiably denied the application].)

Section 1272.1 mandates criteria the trial court must consider in exercising its discretion whether to grant a defendant's motion for release pending appeal. The court must consider the substance of the appeal, among other factors, and whether it raises a "substantial legal question" as defined in section 1272.1, subdivision (c). Section 1273 provides, in relevant part, "in case the judgment be reversed, and that the cause be remanded for a new trial," the defendant must

5

undertake to "appear in the Court to which said cause may be remanded, and submit himself to the orders and process thereof."

These Penal Code sections contain no express language depriving a trial court of jurisdiction over a motion for release pending appeal by a defendant in the custody of a state prison. In habeas proceedings, the California Supreme Court has applied section 1272 in upholding the right of prisoners to apply for release pending appeal after a judgment of imprisonment. (*Podesto*, *supra*, 15 Cal.3d at p. 939 [denying petition for writ of habeas corpus without prejudice to the prisoner's right to file a new application for bail on appeal]; see also *Ex parte Hoge* (1874) 48 Cal. 3, 6 [ordering that imprisoned defendant be admitted to bail pending appeal under predecessor statute].)

In concluding it lacked jurisdiction to hear Stubblefield's motion for release, the trial court relied on *People v. Saunoa* (2006) 139 Cal.App.4th 870 (*Saunoa*). In *Saunoa*, the Court of Appeal had reversed Saunoa's conviction in a prior opinion, but before the remittitur issued, the trial court resumed proceedings to conduct a retrial. (*Id.* at p. 872.) Saunoa was convicted and appealed again. The Court of Appeal held the retrial proceedings were null and void because the trial court lacked jurisdiction to conduct them before the remittitur from the first appeal had issued. (*Ibid.*)

*Saunoa* does not support the trial court's ruling in this case. A retrial of the same offenses underlying the judgment on appeal is necessarily a proceeding "upon the matters embraced therein" under Code of Civil Procedure section 916, subdivision (a). By contrast, a motion for release pending appeal is a "matter embraced in the action and not affected by the judgment or order" under that same subdivision. Consistent with this distinction, the Penal Code sections cited above grant trial courts jurisdiction to hear a motion for release pending appeal concurrent with appellate jurisdiction over the judgment.

6

The parties cite no cases, and we are aware of none, concerning a motion for release by a prisoner after the reversal of their conviction on appeal but before the issuance of a remittitur. Nonetheless, general application of the above legal principles and authorities leads us to conclude the trial court had jurisdiction to rule on the merits of Stubblefield's motion. The plain language of the statutory scheme gives trial courts jurisdiction to hear a motion for release pending appeal even after a sentence of imprisonment and the filing of a notice of appeal. Nothing in the language or structure of the statutory scheme excludes defendants in Stubblefield's procedural posture, and the relevant case law is consistent with his having the right to be heard on the motion. In short, we see no legal grounds or practical reasons for treating Stubblefield contrarily, particularly in light of our decision reversing his conviction.

Accordingly, we will issue a peremptory writ of mandate ordering the trial court to conduct any proceedings necessary to rule on the merits of Stubblefield's motion for release. We express no opinion on the merits of his motion. To prevent mootness or frustration of the relief granted, we will make this opinion final in this court immediately upon filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).) Should the parties stipulate to immediate issuance of the remittitur in this matter, we will so order it. (Cal. Rules of Court, rule 8.272(c)(1).)

### III.   DISPOSITION

Let a peremptory writ of mandate issue commanding respondent court forthwith to vacate its order denying Stubblefield's motion for release and conduct proceedings to rule on the merits of the motion. This opinion is made final as to this court immediately upon filing. Should the parties stipulate to immediate issuance of the remittitur, the writ shall issue immediately.

7

                _____

                Greenwood, P. J.

WE CONCUR:

_____

  Grover, J.

_____

  Lie, J.

H052893
Stubblefield v. Superior Court

Trial Court:                          Santa Clara County Superior Court
                                      Superior Court No.: F1660022

Trial Judge:                          The Honorable Hector E. Ramon


Attorneys for Petitioner
DANA WILLIAM STUBBLEFIELD:             Joseph Vincent Doyle
                                      under appointment by the Court of
                                      Appeal for Appellant


Attorneys for Real Parties in Interest   Rob Bonta,
THE PEOPLE:                              Attorney General of California

                                        Lance E. Winters,
                                        Chief Assistant Attorney General

                                        Jeffrey M. Laurence,
                                        Senior Assistant Attorney General

                                        Bridget Billeter,
                                        Supervising Deputy Attorney
                                        General

                                        Moona Nandi
                                        Deputy Attorney General

H052893
Stubblefield v. Superior Court